UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL PICCOLI, | ) Civil No.08cv104-JAH(NLS) |
| Plaintiff, | ) **SCHEDULING ORDER REGULATING** |
| v. | ) **DISCOVERY AND OTHER PRE-TRIAL** |
| | ) **PROCEEDINGS** |
| LIBBY RAUCH | ) |
| Defendant. | ) |

Pursuant to Rule 16.1(d) of the Local Rules, a Case Management Conference was held on March 7, 2008. After consulting with the attorneys of record for the parties and being advised of the status of the case, and good cause appearing,

**IT IS HEREBY ORDERED THAT**:

1. Any motion to join other parties, to amend the pleadings, or to file additional pleadings shall be *filed* on or before *__May 30, 2008__*.

2. The parties shall designate their respective experts in writing by *__June 6, 2008__*. The parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Fed. R. Evid. This requirement is not limited to retained experts. The date for exchange of rebuttal experts shall be on or before *__June 14, 2008__*. The written designations shall include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide. The list shall also include the normal rates the expert charges for deposition and trial testimony.

3. On or before *July 25, 2008*, each party shall comply with the disclosure provisions in Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure. This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony.

4. Any party shall supplement its disclosure regarding contradictory or rebuttal evidence under Rule 26(a)(2)(c) on or before *August 8, 2008*.

5. **Please be advised that failure to comply with this section or any other discovery order of the court may result in the sanctions provided for in Federal Rule of Civil Procedure 37 including a prohibition on the introduction of experts or other designated matters in evidence.**

6. All discovery, including experts, shall be completed by all parties on or before *August 29, 2008*. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, *so that it may be completed* by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure. Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a). All discovery motions shall be filed within 30 days after counsel have met and conferred and reached an impasse with regard to any particular discovery issue, but in no event shall discovery motions be filed more than 30 days after the close of discovery.

7. All other pretrial motions must be filed on or before *September 29, 2008*. Please be advised that counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion. Be further advised that the period of time between the date you request a motion date and the hearing date may vary from one district judge to another. Please plan accordingly. Failure to make a timely request for a motion date may result in the motion not being heard.

8. A Mandatory Settlement Conference shall be conducted on *December 2, 2008 at 2:00 p.m.* in the chambers of Magistrate Judge Nita L. Stormes. Counsel or any party representing himself or herself shall submit confidential settlement briefs directly to chambers no later than *November 25, 2008*. **All parties are ordered to read and to fully comply with the attached SETTLEMENT CONFERENCE PROCEDURES.**

1        9.      Counsel shall file their Memoranda of Contentions of Fact and Law and take any other
2 action required by Local Rule 16.1(f)(2) on or before *January 12, 2009* unless this requirement is
3 waived by the presiding district judge.
4        10.     Counsel shall comply with the pre-trial disclosure requirements of Federal Rule of Civil
5 Procedure 26(a)(3) on or before *January 12, 2009*.  Failure to comply with these disclosure
6 requirements could result in evidence preclusion or other sanctions under Federal Rule of Civil
7 Procedure 37.
8        11.     Counsel shall meet and take the action required by Local Rule 16.1(f)(4) on or before
9 *January 19, 2009*.  At this meeting, counsel shall discuss and attempt to enter into stipulations and
10 agreements resulting in simplification of the triable issues.  Counsel shall exchange copies and/or
11 display all exhibits other than those to be used for impeachment.  The exhibits shall be prepared in
12 accordance with Local Rule 16.1(f)(4)(c).  Counsel shall note any objections they have to any other
13 parties' Pretrial Disclosures under Federal Rule of Civil Procedure 26(a)(3).  Counsel shall cooperate in
14 the preparation of the proposed pretrial conference order.
15       12.     The Proposed Final Pretrial Conference Order, including objections to any other parties'
16 Federal Rule 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the Clerk of the
17 Court on or before *January 26, 2009*, and shall be in the form prescribed in and in compliance with
18 Local Rule 16.1(f)(6).
19       13.     The final Pretrial Conference is scheduled on the calendar of Judge Houston on
20 *February 2, 2009* at *2:30 p.m.*.
21       14.     A post trial settlement conference before a magistrate judge may be held within 30 days
22 of verdict in the case.
23       15.     The dates and times set forth herein will not be modified except for good cause shown.
24       16.     Dates and times for hearings on motions should be approved by the Court's clerk before
25 notice of  hearing is served.
26 / / /
27 / / /
28 / / /

17. Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of a district court judge. No reply memorandum shall exceed ten (10) pages without leave of a district court judge. Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents and a table of authorities cited.

**IT IS SO ORDERED**.

DATED: March 7, 2008

Hon. Nita L. Stormes
U.S. Magistrate Judge

**CHAMBERS OF MAGISTRATE JUDGE NITA L. STORMES**

**SETTLEMENT CONFERENCE PROCEDURES**

**ATTENDANCE:** All parties, adjusters for insured defendants, and other representatives of a party **having full and complete authority to enter into a binding settlement**, and the principal attorneys responsible for the litigation, must be present and legally and factually prepared to discuss settlement of the case. Full authority to settle means that the individuals at the settlement conference be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485-486 (D. Ariz. 2003). One of the purposes of requiring a person with unlimited settlement authority to attend the conference is that the person's view of the case may be altered during the face-to-face conference. *Pitman*, 216 F.R.D. at 486. Limited or sum certain authority is not adequate. *Nick v. Morgan's Foods*, Inc., 270 F.3d 590, 595-597 (8th Cir. 2001). Failure of any of the aforementioned to appear **in person** will result in the imposition of sanctions. Where settlement authority rests with a governing body, counsel shall propose special arrangements in advance for securing timely authority to settle.

**SETTLEMENT CONFERENCE BRIEFS**: All parties are required to lodge a **confidential** settlement brief prior to the Settlement Conference. Please refer to the Court's order for the date by which the brief is due. Settlement briefs should not exceed ten (10) pages in length, double spaced, exclusive of exhibits, if any. Copies of all documents that might enhance the productivity of negotiations (e.g., contracts, key correspondence or memos, reports of experts, photos, medical bills, wage loss statements, selected pages from deposition transcripts or responses to other discovery) should be attached as exhibits to the settlement briefs with significant portions highlighted for easy reference. Parties may also attach as exhibits helpful judicial opinions and information about the settlement or judgment value of comparable cases.

\* \* \* \*

**IN ADDITION TO THE ABOVE INFORMATION, EACH BRIEF SHALL SET FORTH AT A MINIMUM, THE FOLLOWING "REQUIRED" CONFIDENTIAL INFORMATION:**

\* \* \* \*

(1) A brief analysis of the key issues involved in the litigation;
(2) A description of the strongest and weakest legal and factual points in the party's case;
(3) A description of the strongest and weakest legal and factual points in the opponent's case;
(4) The status of any settlement negotiations, including the last settlement proposal made by each party; and
(5) The settlement proposal that the party is willing to make in order to conclude the matter and spare the further expense of litigation.

Parties should hand deliver, mail, or electronically mail [efile_stormes@casd.uscourts.gov] the **original only** of settlement briefs directly to chambers. FAX briefs will not be accepted. *Settlement briefs are confidential and shall not be served on opposing parties nor shall they be filed with the Clerk of the Court*.