Charles S. LiMandri, SBN 110841
Sterling J. Stires, SBN 199218
LAW OFFICES OF CHARLES S. LiMANDRI, APC
P.O. Box 9120
Rancho Santa Fe, California 92067
Telephone: (858) 759-9930
Facsimile: (858) 759-9938

Attorneys for Defendant LIBBY RAUCH

UNITED STATE DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL PICCOLI,<br><br>Plaintiff,<br><br>v.<br><br>LIBBY RAUCH,<br><br>Defendant. | CASE NO. 08CV00104-JAH-NLS<br><br>**DEFENDANT LIBBY RAUCH'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PICCOLI'S MOTION TO DISMISS COUNTERCLAIM AND TO STRIKE UNTIMELY JURY DEMAND**<br><br>Date:      April 21, 2008<br>Time:     2:30 p.m.<br>Dept.:     11<br>Magistrate:  Hon. Nita L. Stormes<br>Judge: Hon. John A. Houston |

Defendant LIBBY RAUCH (hereinafter referred to as "RAUCH"), hereby submits the following Memorandum of Points and Authorities in Opposition to the Motion to Dismiss the Counterclaim and to Strike Untimely Jury Demand, made by plaintiff, RUSSELL PICCOLI (hereinafter referred to as "PICCOLI") as follows:

I.

**INTRODUCTION AND STANDARD OF REVIEW FOR MOTION TO DISMISS.**

This matter involves a dispute over an oral contract regarding the purchase and refurbishment of a home in the Olivenhein portion of Encinitas, CA (hereinafter referred to as the "Home"). Under the oral agreement, PICCOLI was to purchase the Home, and finance the refurbishment, construction and other related costs. Under the agreement, RAUCH was to oversee the construction on the House. RAUCH vehemently denies that she agreed to fund any part of the House or the construction project on the House.

In its consideration of a motion to dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court is required to "take all allegations of material fact as true and construe them in the light most favorable to the nonmoving party." Parks v. School of Business, Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1994); Everest & Jennings, Inc. v. American Motors Ins. Co., 23 F.3d 226, 228 (9th Cir. 1994). The Court must assume that all general allegations in the complaint/counterclaim "embrace whatever specific facts might be necessary to support them." Peloza v. Capistrano Unified School Dist., 37 F.3d 517, 521 (9th Cir. 1994). A complaint/counterclaim "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In other words, in ruling on a Motion to Dismiss for Failure to State a Claim, pursuant to Rule 12(b)(6), the Court must decide whether the facts alleged, if true, would entitle RAUCH to some form of legal remedy. Unless the answer is unequivocally "no," the motion **must** be denied. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); De Law Cruz v. Tormey, 582 F.2d 45, 48 (9th Cir. 1978).

A dismissal, pursuant to Federal Rule 12(b)(6), is proper <u>only</u> in "*extraordinary*" cases. United States v. White, 893 F.supp. 1423, 1428 (C.D. Cal. 1995). "In resolving a 12(b)(6) motion, the court must (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; *and* (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief." Schwarzer, Tahima & Wagstaff, FED. CIV. PRO. BEFORE TRIAL (The Rutter Group 2005) at § 9:187 (citing Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 337-338 (9th Cir. 1996)). Furthermore, if a motion to dismiss is granted, "the standard for leave to amend is generous," and such leave must be "freely granted when justice so requires." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 701 (9th Cir. 1990); FRCP 15(a).

## II.

### A JURY DEMAND WAS TIMELY MADE BY DEFENDANT.

In his Motion to Dismiss, PICCOLI claims that RAUCH did not demand a jury until December 21, 2007. In support of his argument, PICCOLI cites to language from the Joint Stipulation for Settlement Conference, dated October 31, 2007. However, at that time, the defendant had only filed her Answer, and had not filed any Counterclaim. Any stipulation, therefore, would have only applied to the Amended

Answer - not the Counterclaim. Where the defendant files a counterclaim, the jury demand must be made within 10 days from the filing thereof. Bentler v. Bank of America Nat'l Trust & Sav. Ass'n, 959 F.2d 138, 140 (9th Cir. 1992). Whether the issue is "jury triable" is not fully developed until all parties have admitted or denied the opposing party's claims. Id.

In the present matter, PICCOLI has not answered the Counterclaim made by defendant RAUCH. As noted by the Bentler court, where there are multiple parties, "the last pleading by any party on a common issue will determine the time for jury demand." Bentler, *supra*, 959 F.2d at 141 (citing In re Kaiser Steel Corp., 911 F.2d 380, 388 (10th Cir. 1990). It is anticipated that, prior to the Court's deadline for submitting amended pleadings, David Simon will be filing a Cross-claim against PICCOLI for causes of action with the same operative facts as in the present matter. Furthermore, there is a presumption against unintended waivers of the right to a jury trial. Mondor v. U.S. Dist. Ct. For Central Dist. of Calif., 910 F.2d 585, 587 (9th Cir. 1990). Therefore, a jury demand has been made in a timely basis in this matter, and RAUCH did not waive her right to demand a jury prior to the time she filed her Counterclaim.

RAUCH certainly did not intend to waive her constitutional right to have a jury hear her Counterclaim. In order to do so, under the terms cited by PICCOLI, RAUCH would have had to waive her right to file a counterclaim entirely as part of the stipulation. RAUCH's right to file the counterclaim was not addressed in the stipulation because there was never any intention, by any party, that RAUCH waive that right. Pursuant to the foregoing, RAUCH respectfully requests the Court to deny PICCOLI's Motion to Strike RAUCH's demand for a jury.

### III.

### RAUCH'S BREACH OF CONTRACT CLAIMS WERE PLED SUFFICIENTLY.

In a breach of contract action, the plaintiff must plead the existence of a contract and its terms that establish the obligation at issue. FPI Dev. Inc. v. Nakashima, 231 Cal.App.3d 367, 383 (1991). Further, the plaintiff must plead the defendant's unjustified breach of the contract. Poirier v. Gravel, 88 Cal. 79, 82 (1891). The plaintiff must allege sufficient facts to apprise the defendant of the specific conduct that violates the contract, but need not allege evidentiary facts. Wise V. Southern Pac. Co., 223 Cal.App.2d 50, 62 (1963), disapproved on other grounds, at Applied Equip. Corp. v. Litton Saudi Arabia, Ltd., 7 Cal.4th 503 (1994).

In the present matter, in the First Cause of Action for Breach of Contract, RAUCH pled the existence of the oral contract, its basic terms, PICCOLI's breach, and that the breach caused RAUCH damages. Further, the exact damages are not presently known; the finder of fact will determine exactly what damages have been suffered. Essentially, PICCOLI asserts that the law requires proof of damages at the pleading stage. This is not what the law requires, and RAUCH pled the required elements for a prima facie case of breach of an oral contract. In fact, by the allegations set forth in paragraphs 27 through 47, and 60 through 66 of RAUCH's Answer and Counterclaim, RAUCH very specifically pled the terms of the oral contract, pled that she complied with her obligations, and pled the details of PICCOLI's conduct that amount to the breach of the contract.

PICCOLI seems to believe that the pleading rules for federal court require RAUCH to prove her allegations and to prove her damages. RAUCH has properly pled the elements of Breach of Contract and, pursuant to the foregoing, PICCOLI's Motion to Dismiss should be denied. This is especially true since the Court must view the alleged facts in the Counterclaim as true. Parks, *supra*, 51 F.3d at 1484. If the Court is inclined to grant PICCOLI's motion, with regard to RAUCH's cause of action for Breach of Contract, RAUCH respectfully requests that the Court grant her leave to amend the Counterclaim.

RAUCH's Fourth Cause of Action, for Breach of Contract - Failure of Consideration and Failure to Perform, incorporates by reference the facts in the previous causes of action, including the First Cause of Action for Breach of Contract. In the Fourth Cause of Action, RAUCH pleads the additional allegations that PICCOLI failed to give any consideration to RAUCH for her performance of the contract. (See, paragraph 79 of RAUCH's Answer and Counterclaim). She also alleges that PICCOLI's breach was willful and material, and that the breach by PICCOLI rendered the oral agreement unenforceable.

Where a party to a contract fails to perform in accordance with the contract, or if the consideration he is required to give otherwise fails, in whole or in part, through his fault, the other party may invoke this failure as a basis for rescinding or terminating the contract as long as the failure constitutes such a material breach as to justify rescission or termination. Taliaferro v. Davis, 216 Cal.App.2d 398, 412 (1963). Failure of consideration is the failure to execute a promise, the performance of which has been exchanged for performance by the other party. Bliss v. California Coop Producers, 30 Cal.2d 240, 248 (1947).

///

In the present matter, RAUCH has pled that PICCOLI did not perform his contractual duties, as promised, and failed to provide sufficient consideration in return for RAUCH's performance under the contract. (See, Answer and Counterclaim, at paras. 78 through 81). Further, RAUCH pled that the breach of PICCOLI's contractual duties was willful and material. Id. A willful breach may be "material" even though the innocent party suffers no economic loss. Coleman v. Mora, 263 Cal.App.2d 137, 150 (1968). The remedies for the willful failure to provide sufficient consideration include rescission. Taliaferro, *supra*.

Pursuant to the foregoing, RAUCH respectfully requests the Court to deny PICCOLI's Motion to Dismiss the Fourth Cause of Action for Failure of Consideration. If the Court is inclined to grant PICCOLI's motion, RAUCH respectfully requests leave to amend to include additional factual allegations.

PICCOLI, throughout his Motion to Dismiss, asserts various facts as if they are true simply because he says they are, and does not provide any evidence to support those facts. In fact, he requests that the Court take judicial notice of something (the current real estate market) that would require "evidence," but he does not cite to any authority or any admissible facts to support his position. He then accuses counsel for RAUCH of some sort of violation of Rule 11 of the Federal Rules of Civil Procedure without any evidence or legal authority. PICCOLI's unprofessionalism and hardball tactics have been, and probably will continue to be, his *modus operandi* throughout this dispute. Though PICCOLI is representing himself in this matter, he is, apparently, a licensed attorney in Arizona and New Jersey.

## IV.

### RAUCH HAS PROPERLY PLED PICCOLI'S BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING.

RAUCH's Counterclaim includes two causes of action which RAUCH hereby stipulates should be considered as one. Specifically, the Second Cause of Action for "Breach of Contract - Bad Faith," and the Third Cause of Action for "Breach of Contract - Implied Covenant of Good Faith and Fair Dealing" should have been pled as one cause of action. In that regard, RAUCH respectfully requests the Court to either consider the causes of action as one specific cause of action for breach of the implied covenant of good faith and fair dealing, or grant RAUCH leave to amend the Counterclaim to plead the allegations under the heading of one cause of action. Regardless of the claim as being separated into two causes of

action, the breach of the covenant of good faith and fair dealing, and the damages suffered therefrom, was properly pled by RAUCH.

In every contract there is an implied covenant of good faith and fair dealing by each party not to do anything which will deprive the other party of the benefits of the contract, and a breach of this covenant by failure to deal fairly or in good faith gives rise to an action for damages. Freeman & Mills, Inc. v. Belcher Oil Co., 11 Cal.4th 85, 102-103 (1995); see also, Witkin, Summary of California Law Contracts § 743. A party to a contract breaches the implied covenant of good faith and fair dealing by interfering with or failing to cooperate with the other party in the performance of the contract.

RAUCH has pled the factual allegations of PICCOLI's bad faith conduct. Specifically, RAUCH pled that PICCOLI attempted to change the terms of the oral contract to his benefit, that he willfully and intentionally breached the oral contract knowing that such a breach would harm RAUCH, and made unlawful threats to pursue a criminal action when RAUCH refused to agree to PICCOLI's new terms. (See, Answer and Counterclaim, at paras. 67 through 77). Despite PICCOLI's assertions otherwise, these allegations go beyond the mere breach of a contract, and sufficiently plead the elements of PICCOLI's breach of the covenant of good faith and fair dealing. Pursuant to the foregoing, RAUCH respectfully requests the Court to deny PICCOLI's Motion to Dismiss RAUCH's Counterclaim.

V.

### RAUCH'S EMOTIONAL DISTRESS CLAIMS WERE PROPERLY PLED.

A person may recover damages for intentional infliction of emotional distress if he or she suffers severe emotional injury caused by the defendant's outrageous conduct with the intent to cause, or with reckless disregard of the probability of causing, emotional distress. Wilkins v. National Broad. Co., 71 Cal.App.4th 1066, 1087 (1999); Dove v. PSN Stores, Inc., 982 F.Supp. 1420, 1424 (C.D. Cal. 1997); Davidson v. City of Westminster, 32 Cal.3d 197, 209 (1982). In the present matter, RAUCH has pled a cause of action for intentional infliction of emotional distress. (See, Answer and Coutnerclaim, at paras. 82 through 89). Again, PICCOLI believes that, at this pleading stage, RAUCH must prove her claim of intentional infliction of emotional distress, and also prove her damages. Either PICCOLI has a fundamental misunderstanding of federal pleading requirements, or he has filed this Motion to Dismiss to

///

improperly harass RAUCH. Regardless of his purpose, PICCOLI's Motion to Dismiss has no merit, and should be denied.

Rule 8(a) of the Federal Rules of Civil Procedure requires only that the complaint (or counterclaim) include "a short and plain statement of the claim showing that [counterclaimant] is entitled to relief, and . . . a demand for judgment for the relief" that is sought. Therefore, RAUCH does not need to adhere to California's heightened pleading standard with respect to the intentional infliction of emotional distress ("IIED") claim. Tu v. UCSD Medical Center, 201 F.Supp.2d 1126, 1130 (S.D. Cal. 2002). Furthermore, RAUCH need not provide every detail on which she bases her claim. Id. at 1131. Rather, RAUCH only needs to provide a claim for relief and its grounds. Id. (citing Lee v. City of Los Angeles, 250 F.3d 668, 679 (9th Cir. 2001).

PICCOLI is on notice that RAUCH's IIED claim is largely based on his unlawful threats and harassment made in order to convince RAUCH to change the terms of the oral contract. RAUCH further pleads that PICCOLI knew, or should have known, that his conduct would cause severe emotional distress because of the past close relationship PICCOLI had with RAUCH's family, and that such conduct caused RAUCH damages. Assuming the allegations are true, as the Court must do on a motion to dismiss, PICCOLI's Motion to Dismiss must be denied. This is because RAUCH has sufficiently pled facts to potentially support a valid IIED claim. Tu v. UCSD Medical Center, *supra*, 201 F.Supp.2d at 1131. Should the Court find that RAUCH's cause of action for IIED is insufficiently pled, however, RAUCH requests leave to amend her Counterclaim.

RAUCH also pled a cause of action for negligent infliction of emotional distress (NIED), alleging that PICCOLI should have known that his conduct would cause damage, and incorporated the previous allegations by reference. (See, Answer and Counterclaim, at paras. 90 through 93). A person may recover damages for severe emotional distress that is proximately caused by the defendant's negligent conduct or willful violation of a statutory standard. CACI 1620; Molien v. Kaiser Foundation Hospitals, 27 Cal.3d 916, 925 (1980). The California Supreme Court has allowed plaintiffs to bring negligent infliction of emotional distress actions as "direct victims" where the defendant has negligently breached a duty arising out of a preexisting relationship. Burgess v. Superior Court, 2 Cal.4th 1064, 1074 (1992). Further, physical injury is not required for the claimant to recover for NIED. Id. at 1074.

In the present case, RAUCH pleads the special relationship and position of trust that PICCOLI had with RAUCH (duty), and that PICCOLI breached that trust by his campaign of threats and harassment. (See, Answer and Counterclaim, at paras. 90 through 93). Further, she pleads that she has suffered harm as a result of PICCOLI's breach. Certainly, such facts are sufficient for the "notice pleading" requirements of the Federal Rules of Civil Procedure so as to state a cause of action for negligent infliction of emotional distress.

## VI.

### RAUCH'S CLAIM FOR ABUSE OF PROCESS WAS PROPERLY PLED.

"To establish a cause of action for abuse of process, a plaintiff must plead two essential elements: that the defendant (1) entertained an ulterior motive in using the process and (2) committed a wilful act in a wrongful manner." Coleman v. Gulf Ins. Group., 41 Cal.3d 782, 792 (1986); and CACI 1520.[1] The improper purpose usually takes the form of coercion to obtain a collateral advantage, such as the payment of money, by "the use of the process as a threat or a club." Templeton Feed & Grain v. Ralston Purina Co., 69 Cal.2d 461, 466 (1968). "There is, in other words, a form of extortion, and it is what is done in the course of negotiation, rather than the issuance or any formal use of the process itself, which constitutes the tort." Id. (citing Spellens v. Spellens, 49 Cal.2d 210, 232-233 (1957)).

PICCOLI's motive for initiating litigation in this matter is to force RAUCH to agree to change the terms of the oral contract, and indemnify him for any speculative loss in the future, when she should not lawfully have to do so. This was specifically pled in the Counterclaim by RAUCH. (See, Answer and Counterclaim, at paras. 94 through 96). Furthermore, and as will be shown at trial, PICCOLI is simply attempting to destroy RAUCH financially through the litigation of this matter. RAUCH also pled that PICCOLI's misuse of the legal process has caused her injury. Clearly, this legal process is not designed for these improper purposes. PICCOLI seeks to have RAUCH prove her case at this stage, which the law does not require. Given that the Court must view these allegations as true for the purpose of this motion,

---

[1] Piccoli asserts that Arizona law applies to this cause of action, but cites absolutely no legal authority to support this assertion. (See, Motion to Dismiss, at p. 9, ll. 7 & 8).

PICCOLI's Motion to Dismiss should be denied. Again, RAUCH respectfully requests leave to amend her Counterclaim should the Court grant any part of PICCOLI's Motion to Dismiss.

## VII.

### RAUCH'S CLAIMS FOR SLANDER AND LIBEL WERE PROPERLY PLED.

RAUCH pled a cause of action for slander in her Counterclaim. (See, Answer and Counterclaim, at paras. 97 through 100). California Civil Code Section 46, states in pertinent part:

> Slander is a false and unprivileged publication, orally uttered . . . which (1) Charges any person with crime; . . . (3) Tends directly to injure him in respect to his office, profession, trade or business, either by imputing to him general disqualification in those respects which the office or other occupation peculiarly requires, or by imputing something with reference to his office, profession, trade, or business that has a natural tendency to lessen its profits; . . . (5) Which, by natural consequence, causes actual damage.

In the present matter, and as specifically pled by RAUCH, PICCOLI orally communicated to subcontractors, who were then working on the Home, that RAUCH was engaged in a criminal conspiracy to defraud and embezzle funds from PICCOLI, and that RAUCH's criminal conduct caused the subcontractors not to be fully paid. (See, Answer and Counterclaim, at paras. 97 through 100). Further, RAUCH pled that PICCOLI knew that those allegations were false, and that RAUCH suffered damages as a result.

A claim for slander need not include the exact words alleged to be slanderous. Dawe v. Corrections USA, (slip copy) 2007 WL 3125091 (E.D. Cal. 2007). The claim only need describe the substance of the defamatory statement. Id. (citing Okun v. Superior Court (Maple Properties), 29 Cal.3d 442, 458 (1981). The defamatory allegations are specifically pled by RAUCH, and certainly sufficiently pled with enough specificity as the Federal Rules of Civil Procedure and the law require. This is especially true since the Court must accept these allegations as true for the purpose of ruling on this motion to dismiss.

RAUCH has also pled a cause of action for libel. However, PICCOLI does not make any kind of distinction in his Motion to Dismiss between the slander and libel causes of action. According to California Civil Code Section 45:

> Libel is a false and unprivileged publication by writing, printing, picture, effigy, or other fixed representation to the eye, which exposes any person to hatred, contempt, ridicule, or obloquy, or which causes him to be shunned or avoided, or which has a tendency to injure him in his occupation.

In her cause of action for libel, RAUCH has pled that PICCOLI communicated in writing to subcontractors, who were then working on the Home, that RAUCH was engaged in a criminal conspiracy to defraud and embezzle funds from PICCOLI, and that RAUCH's criminal conduct caused the subcontractors not to be fully paid. Though the words constituting alleged libel must be specifically identified in the pleadings, the claimant need not plead the defamatory statement verbatim. Jacobson v. Schwarzenegger, 357 F.Supp.2d 1198, 1216 (C.D. Cal. 2004).

In the present matter, RAUCH has clearly identified the defamatory statements that PICCOLI communicated, in writing, to the subcontractors. Though RAUCH strongly believes that the allegations, as currently pled, are sufficient under California law and under the Federal Rules of Civil Procedure, RAUCH requests leave to amend her Counterclaim should the Court deem the allegations to be insufficient.

## CONCLUSION

RAUCH has properly pled a demand for a jury in her Counterclaim. Furthermore, RAUCH has complied with the pleading requirements of the Federal Rules of Civil Procedure. Each cause of action was pled with the specificity required, and the elements of each cause of action were properly pled. For the foregoing reasons, RAUCH respectfully requests that the Court deny PICCOLI's Motion to Dismiss in its entirety. Should the Court be inclined to grant any part of PICCOLI's motion, RAUCH requests that the Court grant her leave to amend her Counterclaim.

LAW OFFICES OF CHARLES S. LiMANDRI, APC

DATED: April 3, 2008          By:   /s/ Sterling J. Stires
                                    CHARLES S. LiMANDRI
                                    STERLING J. STIRES
                                    Attorneys for Defendant LIBBY RAUCH

# PROOF OF SERVICE

## Russell Piccoli v. Libby Rauch

*U.S. District Court Case No.: 08cv104 (JAH)(NLS)*

I, the undersigned, declare under penalty of perjury that I am over the age of eighteen years and not a party to this action; my business address is P.O. Box 9120, Rancho Santa Fe, California 92067, and that I served the following document(s):

- **DEFENDANT LIBBY RAUCH'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PICCOLI'S MOTION TO DISMISS COUNTERCLAIM AND TO STRIKE UNTIMELY JURY DEMAND.**

on the interested parties in this action by placing a true copy in a sealed envelope, addressed as follows:

Russell Piccoli
6039 North 41st Place
Paradise Valley, AZ 85253
Tel: (602) 315-3848
E-Mail: rxp@mwmf.com

■ **BY MAIL - as follows:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Rancho Santa Fe, California in the ordinary course of business. The envelope was sealed and placed for collection and mailing on this date following our ordinary practices. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY FAX - as follows:** I personally sent to the addressee's telecopier number a true copy of the above-described documents. Thereafter I sent a true copy in a sealed envelope addressed and mailed as indicated above.

■ **BY ELECTRONIC MAIL - as follows:** I served a true copy, electronically on designated recipients via electronic transmission of said documents.

I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct.

Executed on April 3, 2008, at Rancho Santa Fe, California.

*/s/ Kathy Denworth*
Kathy Denworth

1