Russell Piccoli (#004492)
6039 North 41st Place
Paradise Valley, Arizona 85253
Phone: (602) 285-5000
Fax: (602) 285-5100

Attorney Pro se

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL PICCOLI, a single man<br><br>Plaintiff,<br><br>vs.<br><br>LIBBY RAUCH, a single woman<br><br>Defendant. | CASE NO. 08-CV-104 JAH (NLS)<br><br>**REPLY MEMORANDUM RE MOTION TO DISMISS COUNTERCLAIM**<br><br>**Date: April 21, 2008<br>Time: 2:30 p.m.<br>Courtroom 11**<br><br>**Oral Argument Not Required[1]** |

**I.   THE COURT MUST APPLY *TWOMBLY* STANDARDS IN DETERMINING THE SUFFICIENCY OF THE COUNTERCLAIM.**

In arguing a forgiving standard for her counterclaim, defendant cites a host of cases preceding the United States Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, ____ U.S. ____, 127 S.Ct. 1955 (2007). She even quotes the old standard that a complaint "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Opposition at 2. However, *Twombly* observed that there was "no need to pile up further citations to show that *Conley's* 'no set of facts' language has

---

[1] Sensitive to defendant's suggestion as to increasing her fees in this action, plaintiff would alternatively suggest argument by telephone conference pursuant to Civ.L.R. 7.1(d)(3).

been questioned, criticized, and explained away long enough. . . [and that] this famous observation has earned its retirement." *Bell Atlantic Corp.*, 127 S.Ct. at 1969. Rather, as enunciated by *Twombly*, Rule 8(a) now requires, *inter alia*, that "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory" (*Id.*, *quoting Car Carriers Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1006 (7th Cir. 1984) and provide "'fair notice' of the nature of the claim". *Id.*, 127 S.Ct. at 1965 n.3. As indicated below, all but one of defendant's counterclaims fail to satisfy one or another of these standards.[2]

## II. DEFENDANT'S CONTRACT COUNTERCLAIMS ARE DEFICIENT FOR THEIR FAILURE TO ALLEGE ANY DAMAGE FROM PLAINTIFF'S ALLEGED BREACH.

The basis of the motion to dismiss defendant's contract counterclaims was (and is) simple enough: to properly state a breach of contract claim, California law requires an allegation of damages proximately caused by the breach -- *and defendant never alleged damages from any breach*. To the contrary, although defendant twice affirmatively alleges that the only compensation she would have received as a result of the contract was "half of the profit realized from" a sale of the property (**CC** ¶¶ 62, 29), she never alleges that she would have realized any profit absent plaintiff's breach or termination. To the contrary, she affirmatively alleges that even as early as "late-April [2007]" "the potential for profiting from the project had been greatly reduced or eliminated." *Id*. ¶¶ 48-49.

Defendant offers three arguments to save her contract claims, but none hold water. First, she cites three cases ostensibly for the proposition that damages resulting from the breach need not be pled. Opposition at 3. None so hold. *Poirier v. Gravel*, 88 Cal. 79 (1891) involved no issue of pleading damage. *FPI Development, Inc. v. Nakashima*, 231 Cal.App.3d 367, 282 Cal.Rptr. 508 (1991) simply concerned what had to be pled in a suit on a promissory

---

[2] Plaintiff withdraws his motion as to defendant's fifth counterclaim for intentional infliction of emotional distress.

2
U:\ATTORNEYS\RXP\Libby\Reply Memorandum re Motion to Dismiss (04-14-08).doc    CASE NO 08-CV-104 JAH( NLS)

note – and included "an allegation of non-payment." *Id*. at 517. *Wise v. Southern Pacific Co.*, 223 Cal.App.2d 50, 35 Cal.Rptr. 652 (1963) directly controverts defendant's position: it specifically required allegations of "defendant's breach; and. . .the resulting damage to plaintiff" as "essential elements required to be pleaded." *Id*. 223 Cal.App.2d at 59, 35 Cal.Rptr. at 657.

Defendant's second argument fares no better. She twice asserts that she pled "that the breach caused [her] damages." Opposition at 4, 6. However, she provides no citation to her counterclaim to support her argument – and her counterclaim is devoid of any such allegation.

Finally, she contends that no allegation of damage is necessary to support a claim for rescission. Opposition at 4. However, the counterclaim does *not* seek rescission: *it seeks damages* (**CC** at 39, 66, 77, 109 and 114) and as stated, "the resulting damage to plaintiff [from defendant's breach]" is an "essential element" to a contract claim for damages. *Wise*, 223 Cal.App.2d at 59, 35 Cal.Rptr. at 657. Accordingly, defendant's contract counterclaims (1-4, 10 and 11) must be dismissed for failure to allege "all the material elements to necessary to sustain recovery under *some* viable legal theory." *Bell Atlantic Corp.*, 127 S.Ct. at 1969, *quoting Car Carriers*, 745 F.2d at 1006.[3]

Defendant seeks leave to amend her contract claims in the event of dismissal. Plaintiff concedes amendment is liberally granted. However, although leave to amend should be granted, it should be circumscribed. In this respect, in addition to the shortcomings of the counterclaim, defendant has provided two initial disclosure statements, neither of which have identified a single document supporting any allegation that she would have realized a profit in the absence of plaintiff's alleged breach. Exhibits 1 and 2. More importantly, the second initial disclosure statement apparently abandoned any computation of contract damages.

---

[3] Plaintiff is cognizant of defendant's admission of her improper splitting of her good faith and fair dealing claims, and request to replead. However, as indicated by the motion, all of these claims likewise require a proper allegation of damage resulting from the breach. Accordingly, in the absence of such an allegation – which appears unlikely from that stated in the opposition – plaintiff still seeks dismissal of all these contract-based claims.

Exhibit 2 at 3.  Moreover, although the motion set forth a simple formula to determine whether defendant could have realized a profit or not, she offered no response to that formula in her opposition.

Under such circumstances, while amendment should be granted, it should be with the Court's instruction that should defendant choose to replead her contract claims, such claims must include plausible allegations as to how she would have realized a profit on the underlying transaction pursuant to standard accounting practices, and that such allegations must be consistent with Rule 11.[4]

### III.  DEFENDANT'S ABUSE OF PROCESS COUNTERCLAIM MUST BE DISMISSED.

"A transferee court must follow the choice of law rules of the transferor court." *In re American Continental/Lincoln Sav. & Loan Sec. Litig.*, 845 F.Supp. 1377, 1383 (D. Ariz. 1993) *aff'd* 102 F.3d 1524 (9th Cir. 1996), *citing Ferens v. John Deere Co.*, 494 U.S. 516, 519, 110 S.Ct. 1274, 1277 (1990).  "In the absence of law to the contrary, Arizona follows the Restatement [of Laws.]" *Webster v. Culbertson*, 158 Ariz. 159, 162, 761 P.2d 1063, 1066 (1988).  "The rights and liabilities of the parties for. . .abuse of process are determined by the local laws of the State where the proceeding complained of occurred, unless, with respect to the particular issue, some other State has a more significant relationship. . ." RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 155; *Accord American Continental*, 845 F.Supp. at 1384.

Here, defendant alleges plaintiff's filing of his initial complaint constituted an abuse of process.  That complaint was filed by an Arizona resident, in Arizona state court, in part, to seek relief for fraudulent representations made to him in Arizona.  As defendant makes no

---

[4] Defendant accuses plaintiff of "hardball tactics" apparently for even mentioning Rule 11 in his motion.  In this respect, the Court should be mindful of the fact that defendant has sought $2,500,000 in damages for supposed emotional distress without designating a single exhibit or medical or psychiatric witness to support such claim.  *See* Exhibits 1 and 2.

principled argument as to why any other state's law ought to apply, Arizona law is obviously applicable.

As indicated by the motion, in order to establish abuse of process, Arizona law "requires an overt act other than the initiation of a lawsuit to effect the illegitimate end." *American Continental*, 845 F.Supp. at 1385. Defendant does not dispute this requirement of Arizona law. She does not argue that she actually alleged any separate "overt act". As such, her abuse of process claim must be dismissed.

### IV. DEFENDANT'S NIED CLAIM MUST BE DISMISSED FOR HER FAILURE TO ALLEGE NEGLIGENCE.

As indicated by the motion, "[i]n order to state a claim for NIED, Plaintiffs must point to *negligence* that fundamentally caused the harm." *Tu v. UCSD Medical Center*, 201 F.Supp.2d. 1126, 1131 (S.D.Cal. 2002) (emphasis the Courts'). As further posited by the motion, defendant's NIED counterclaim makes no allegation of negligence. Rather, it is grounded on allegedly intentional conduct. **CC ¶89**.

In opposing the motion, defendant essentially contends that an allegation of negligence is not essential to a claim for negligent infliction of emotional distress. Specifically, she asserts that allegations of emotional distress suffered from a breach of trust are "[c]ertainly" "sufficient for the 'notice pleading' requirements of the Federal Rules of Civil Procedure." Opposition at 8. Simply stated, all of defendant's citations are directly contrary to her position. *All require negligence as an essential element of the tort*. *Tu*, 201 F.Supp.2d at 1131; *Burgess v. Superior Court,* 2 Cal.4th 1064, 1074, 831 P.2d 1197, 1201 (1992); *Molien v. Keiser Foundation Hospitals,* 27 Cal.3d 916, 930, 616 P.2d 813, 821 (1980).

As defendant fails to allege any act of negligence – and rather bases her NIED claim on intentional conduct – her NIED claim must be dismissed.

## V. DEFENDANT'S DEFAMATION CLAIMS ARE STILL DEFICIENT FOR HER FAILURE TO DETAIL THE ALLEGED DEFAMATORY STATEMENTS.

As contended by defendant as to another claim, this Court is bound by federal, not state, pleading standards in determining the sufficiency of her allegations. Opposition at 7, *citing Tu*, 201 F.Supp.2d at 1130. *See also Jacobson v. Schwarzenegger*, 357 F.Supp. 1198, 1216 (C.D.Cal. 2004). However, in arguing the sufficiency of her defamation allegations, defendant ignores that the federal "standard for successfully pleading defamation tends to be more stringent and applicable to most other substantive claims because of the historically disfavored nature of this type of action, the First Amendment implication of many of these cases, and the desire to discourage what some believe to be all too frequently vexatious litigation." 5 *Wright & Miller*, FEDERAL PRACTICE AND PROCEDURE, § 1245 at 429. She also ignores those numerous federal cases holding that "[i]n an action for slander or libel, the words alleged to be defamatory must be pleaded and proved." *Holliday v. Great Atlantic & Pacific T., Co.*, 256 F.2d 297, 302 (8th Cir. 1958) (*see other citations* at Motion 10-11).

Rather, defendant urges the pleading standards of a California Supreme Court case, and another District Court case which does not help her. *See Jacobson* 357 F.Supp.2d at 1216 ("because the plaintiff fails to <u>identify</u> and state the substance of the allegedly defamatory statement, the defamation claim is insufficient." emphasis added). Here, while defendant alleges the general substance of the statements she alleges to be defamatory, she fails to "identify", in any manner whatsoever, to whom they were made or when they were made. She fails to "identify" any writing she asserts to be libelous. These pleading defects are exacerbated by defendant's two initial disclosure statements. Neither identifies any writing alleged to be libelous. Although all but one of defendants' witnesses – *including defendant herself* – "may" or "will" testify to "the libel and slander causes of action," neither statement identifies any witness as one to whom defamatory statements were allegedly made.[5]

---

[5] Additionally, although plaintiff propounded interrogatories seeking all such detail, and answers were due on April 11, 2008, no such information has yet been received.

As such, plaintiff is without any "fair notice" upon which to defend these allegations. He has no idea whom to depose. There is no writing to establish as true on summary judgment. There is no limitation on what statements defendant can allege were defamatory at trial. The federal pleading standards set forth in the moving papers should be enforced. Defendant must identify what statements she alleges to be defamatory, to whom they were made and when they were made. Otherwise, these claims must be dismissed.

## VI. DEFENDANT'S JURY DEMAND MUST BE STRICKEN, AT LEAST AS TO THE ISSUES JOINED BY THE COMPLAINT AND ORIGINAL ANSWER.

> [I]f the counterclaim and reply raise new issues that were not contained in the Complaint and Answer, a demand served more than ten days after the Answer, but within ten days after the reply, <u>is effective only for the issues raised in the counterclaim and reply and not those in the Complaint and Answer</u>.

(emphasis added) 9 Wright & Miller, FEDERAL PRACTICE AND PROCEDURE § 2320 at 240-41. *See also, e.g., Bogosin v. Woloohojian Realty Corp.*, 323 F.3d 55, 62 (1st Cir. 2003).

In opposing the motion to strike her jury demand, defendant does not contest that her jury demand was not filed until nearly three months after the filing of her answer. Rather, she argues that two Ninth Circuit cases continue the time for requesting a jury *as to all issues* until ten days after the plaintiff replies to a later-filed counterclaim. Neither case so holds. In *Bentler v. Bank of America Nat. Trust & Savings Ass'n*, 959 F.2d 138 (9th Cir. 1992), Bentler sued Bank of America and its holding company for joint and several liability on the same claim. Bentler did not request a trial by jury within ten days of the bank's answer, but did so before the holding company's answer. The Ninth Circuit simply held "that when defendants are jointly liable on a cause of action that contains 'any issue triable of right by a jury,' a jury demand as to that issue is timely served within 10 days after service of the last defendant's answer." *Id.* at 141. There is no issue in this case of multiple defendants answering at different

times. *Bentler* provides no authority that a later filed counterclaim extends the time for a jury demand.[6]

*Mondor v. United States District Court for the Central Dist. of California*, 910 F.2d 585 (9th Cir. 1990) is similarly inopposite. There, the plaintiff had demanded a trial by jury in the caption of her state court complaint, but failed to perfect her demand pursuant to California practice prior to removal. In *Mondor*, the Ninth Circuit simply held that the plaintiff's notation of her jury demand in the caption prior to removal was sufficient under Rule 38(a). Here, neither party demanded any jury prior to removal, in any manner whatsoever.

Finally, defendant's last argument, that she anticipates that "David Simon will be filing a Cross-Claim against [Plaintiff]" (Opposition at 3), is simply untenable. Under Rule 13(g), "[a] pleading may state as a cross-claim any claim by one party against a co-party. . ." Simon is not a party to this litigation and has no right to assert any cross-claim against plaintiff in this litigation.

Simply stated, defendant failed to request a trial by jury with ten days of the filing of her answer and waived her right to trial by jury as to all claims encompassed by the complaint and answer. Defendant did timely request a trial by jury as to any additional claims raised by her counterclaim, should any such survive pre-trial proceedings. Accordingly, the Court should grant the motion to strike defendant's jury demand in part, and defer it in part. The motion should be granted to the extent that defendant is not entitled to a jury trial as to any issues joined by the complaint and answer. It should be deferred in part, as to any issues separately raised by the counterclaim which remain after pre-trial proceedings, to the pre-trial conference. At the pre-trial conference, the Court can properly designate which issues must be tried to the Court, which are triable to a jury, and as to the manner and sequence in which all

---

[6] Nor does this case involve a <u>simultaneous</u> filing of an answer and counterclaim, and the plaintiff requesting a jury with his reply to the counterclaim. *See Bentler*, 959 F.2d at 141.

issues should be tried. In any case, federal practice does not permit a defendant to revive her right to trial by jury by filing a counterclaim long after her answer.

## **CONCLUSION**

The motion to dismiss should be granted. The motion is not a "time waster." Defendant's contract-based, abuse of process and NIED claims plainly lack allegations of "material elements necessary to sustain recovery under *some* viable legal theory." *Bell Atlantic Corp.*, 127 S.Ct. at 1969. It does not appear likely that defendant will be able to allege she would have realized a profit, any separate "overt act" or negligence within the restrictions of Rule 11 to save these claims.

Consequently, any leave to amend should only be with clear instruction as to what allegations must be made in order to survive dismissal with prejudice. The motion to strike defendant's untimely jury demand should be granted as to all issues joined by the original answer, and deferred to the pretrial conference as to other issues.

RESPECTFULLY SUBMITTED this 14th day of April, 2008.

/s/ Russell Piccoli
Russell Piccoli
6039 North 41st Place
Paradise Valley, Arizona 85253
Attorney Pro se

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing paper was served upon all counsel of record by serving them electronically at kdenworth@limandri.com (Sterling Stires).

Phoenix, Arizona, this 14th day of April, 2008.

/s/ Russell Piccoli
RUSSELL PICCOLI