1  Charles S. LiMandri, SBN 110841
   Sterling J. Stires, SBN 199218
2  LAW OFFICES OF CHARLES S. LiMandri, APC
   P.O. Box 9120
3  Rancho Santa Fe, California  92067
   Telephone: (858) 759-9930
4  Facsimile:  (858) 759-9938

5  Attorneys for Defendant LIBBY RAUCH

6

7

8                   UNITED STATES DISTRICT COURT

9                 SOUTHERN DISTRICT OF CALIFORNIA

10 RUSSELL PICCOLI,                    )    Case No.:  08CV00104-JAH-NLS
                                       )
11          Plaintiff,                 )
                                       )    **SECOND AMENDED ANSWER OF**
12 v.                                  )    **DEFENDANT LIBBY RAUCH AND**
                                       )    **COUNTERCLAIM**
13                                     )
                                       )    **DEMAND FOR JURY TRIAL**
14 LIBBY RAUCH,                        )
                                       )    Magistrate:  Hon. Nita L .Stormes
15          Defendant.                 )    Judge:       Hon. John A. Houston
                                       )
16 _____)

17

18        Defendant Libby Rauch (hereinafter referred to as "RAUCH" or "defendant"), hereby

19 answers the Complaint of Plaintiff RUSSELL PICCOLI (hereinafter referred to as "PICCOLI" or

20 "plaintiff") in this action as follows:

21                                   **I.**

22                     **JURISDICTION AND VENUE**

23        1.    In response to paragraph 1 of plaintiffs' Complaint, defendant admits the allegations

24 contained therein.

25        2.    In response to paragraph 2 of plaintiffs' Complaint, defendant admits she is a

26 full-time resident of Carlsbad, California, and owns a vacation property in Lake Havasu, Arizona,

27 which she regularly visits.

28 / / /

                                       1

3.   In response to paragraph 3 of plaintiffs' Complaint, defendant admits she owns real property in Arizona, but lacks sufficient knowledge or information to form a belief as to the jurisdiction of the Arizona state courts over this matter.

4.   In response to paragraph 4 of plaintiffs' Complaint, defendant denies the allegations contained therein.

5.   This action has been properly removed to the United States District Court pursuant to 28 U.S.C. § 1441, and the parties have stipulated to jointly move that the case be transferred to the Southern District of California where it would be more properly venued.

## II.

## THE CONFIDENTIAL RELATIONSHIP

6.   In response to paragraph 6 of plaintiffs' Complaint, defendant admits the allegations contained therein.

7.   In response to paragraph 7 of plaintiffs' Complaint, defendant admits the allegations contained therein.

8.   In response to paragraph 8 of plaintiffs' Complaint, defendant admits the allegations contained therein.

9.   In response to paragraph 9 of plaintiffs' Complaint, defendant admits the allegations contained therein.

10.   In response to paragraph 10 of plaintiffs' Complaint, defendant admits the allegations contained therein.

11.   In response to paragraph 11 of plaintiffs' Complaint, defendant oversaw the remodeling of a residence in Encinitas, California, in 2004, but denies the other allegations contained therein.

12.   In response to paragraph 12 of plaintiffs' Complaint, defendant admits the allegations contained therein.

13.   In response to paragraph 13 of plaintiffs' Complaint, defendant admits the allegations contained therein.

/ / /

SECOND AMENDED ANSWER AND COUNTERCLAIM

CASE NO.: 08CV00104-JAH-NLS

### III.

### LIBBY'S ALLEGED REPRESENTATIONS AND AGREEMENT

14.    In response to paragraph 14 of plaintiffs' Complaint, defendant admits that she attempted to locate suitable properties for remodeling and sale and that the parties had discussions regarding the potential budget for the project; Defendant denies the remainder of the allegations contained in Paragraph 14 of plaintiff's Complaint.

15.    In response to paragraph 15 of plaintiffs' Complaint, defendant admits that she located the Olivenhein property and recommended it for the joint venture's next remodeling project, and that she and the plaintiff speculated about the profit potential of the project; Defendant denies the remainder of the allegations contained in Paragraph 15 of plaintiff's Complaint.

16.    In response to paragraph 16 of plaintiffs' Complaint, defendant admits the parties had numerous telephone conversations regarding the project; Defendant denies the remainder of the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.    In response to paragraph 17 of plaintiffs' Complaint, defendant denies the allegations contained therein.

18.    In response to paragraph 18 of plaintiffs' Complaint, defendant denies the allegations contained therein.

19.    In response to paragraph 19 of plaintiffs' Complaint, defendant denies the allegations contained therein.

20.    In response to paragraph 20 of plaintiffs' Complaint, defendant denies the allegations contained therein.

### IV.

### LIBBY'S ALLEGED ABUSES AND NON-PERFORMANCE

21.    In response to paragraph 21 of plaintiffs' Complaint, defendant admits that the Plaintiff purchased the Olivenhein property in May 2006, and that he used the same checking account for managing the remodeling of the property that he had used for the two previous

/ / /

SECOND AMENDED ANSWER AND COUNTERCLAIM

CASE NO.: 08CV00104-JAH-NLS

1 | properties in Laguna Beach and on Neptune Avenue in Encinitas.  Defendant denies the
2 | remainder of the allegations contained in paragraph 21 of plaintiff's Complaint.
3 |      22.    In response to paragraph 22 of plaintiffs' Complaint, defendant denies the
4 | allegations contained therein.
5 |      23.    In response to paragraph 23 of plaintiff's Complaint, defendant admits that the
6 | Plaintiff did not express any concern about the progress of the Olivenhein remodeling project
7 | in 2006 and early 2007; Defendant denies the remainder of the allegations contained in
8 | paragraph 23 of plaintiff's Complaint.
9 |      24.    In response to paragraph 24 of plaintiffs' Complaint, defendant denies the
10 | allegations contained therein.
11 |      25.    In response to paragraph 25 of plaintiffs' Complaint, defendant admits that she
12 | met with the Plaintiff at the property in March 2007; Defendant denies the remainder of the
13 | allegations contained in paragraph 25 of plaintiff's Complaint.
14 |      26.    In response to paragraph 26 of plaintiffs' Complaint, defendant admits the
15 | allegations contained therein.
16 |      27.    In response to paragraph 27 of plaintiffs' Complaint, defendant denies the
17 | allegations contained therein.
18 |      28.    In response to paragraph 28 of plaintiffs' Complaint, defendant denies the
19 | allegations contained therein.
20 |      29.    In response to paragraph 29 of plaintiffs' Complaint, defendant denies the
21 | allegations contained therein.
22 |      30.    In response to paragraph 30 of plaintiffs' Complaint, defendant denies the
23 | allegations contained therein.
24 |      31.    In response to paragraph 31 of plaintiffs' Complaint, defendant denies the
25 | allegations contained therein.
26 |      32.    In response to paragraph 32 of plaintiffs' Complaint, defendant denies the
27 | allegations contained therein.
28 | / / /

33.     In response to paragraph 33 of plaintiffs' Complaint, defendant admits that the Plaintiff called her on or about April 25, regarding the returned checks; Defendant denies the remainder of the allegations contained in paragraph 33 of plaintiff's Complaint.

34.     In response to paragraph 34 of plaintiffs' Complaint, defendant denies the allegations contained therein.

35.     In response to paragraph 35 of plaintiffs' Complaint, defendant denies the allegations contained therein.

36.     In response to paragraph 36 of plaintiffs' Complaint, defendant denies the allegations contained therein.

37.     In response to paragraph 37 of plaintiffs' Complaint, defendant denies the allegations contained therein.

38.     In response to paragraph 38 of plaintiffs' Complaint, defendant denies the allegations contained therein.

## V.

## THE ALLEGED SETTLEMENT AND ITS BREACH

39.     In response to paragraph 39 of plaintiffs' Complaint, defendant admits that on multiple occasions the Plaintiff unlawfully threatened civil, criminal, and regulatory action against her and her family; Defendant denies the remainder of the allegations contained in paragraph 39 of plaintiff's Complaint.

40.     In response to paragraph 40 of plaintiffs' Complaint, defendant denies the allegations contained therein.

41.     In response to paragraph 41 of plaintiffs' Complaint, defendant admits that the parties had numerous discussions attempting to resolve their dispute in June 2007; Defendant denies the remainder of the allegations contained in paragraph 41 of plaintiff's Complaint.

42.     In response to paragraph 42 of plaintiffs' Complaint, defendant denies the allegations contained therein, except as to the threats of plaintiff and the resulting duress of defendant.

/ / /

5

43.   In response to paragraph 43 of plaintiffs' Complaint, defendant denies the allegations contained therein.

44.   In response to paragraph 44 of plaintiffs' Complaint, defendant denies the allegations contained therein.

45.   In response to paragraph 45 of plaintiffs' Complaint, defendant denies the allegations contained therein, except that she admits that she did not agree to indemnity plaintiff for any loss on the property.

## PICCOLI'S FIRST ALLEGED CLAIM FOR RELIEF

### (Fraud)

46.   In response to Paragraph 46 of plaintiff's Complaint, the defendant hereby incorporates by reference Paragraphs 1 through 45 of this Answer to plaintiff's Complaint.

47.   In response to paragraph 47 of plaintiffs' Complaint, defendant denies the allegations contained therein.

48.   In response to paragraph 48 of plaintiffs' Complaint, defendant denies the allegations contained therein.

49.   In response to paragraph 49 of plaintiffs' Complaint, defendant denies the allegations contained therein.

50.   In response to paragraph 50 of plaintiffs' Complaint, defendant denies the allegations contained therein.

51.   In response to paragraph 51 of plaintiffs' Complaint, defendant denies the allegations contained therein.

## PICCOLI'S SECOND ALLEGED CLAIM FOR RELIEF

### (Breach of Fiduciary Duty: Dealings with Fiancé)

52.   In response to Paragraph 52 of plaintiff's Complaint, the defendant hereby incorporates by reference Paragraphs 1 through 51 of this Answer to plaintiff's Complaint.

53.   In response to paragraph 53 of plaintiffs' Complaint, defendant admits that she and plaintiff both trusted each other.

/ / /

SECOND AMENDED ANSWER AND COUNTERCLAIM

CASE NO.: 08CV00104-JAH-NLS

54.    In response to paragraph 54 of plaintiffs' Complaint, defendant denies the allegations contained therein.

55.    In response to paragraph 55 of plaintiffs' Complaint, defendant denies the allegations contained therein.

56.    In response to paragraph 56 of plaintiffs' Complaint, defendant denies the allegations contained therein.

57.    In response to paragraph 57 of plaintiffs' Complaint, defendant denies the allegations contained therein.

58.    In response to paragraph 58 of plaintiffs' Complaint, defendant denies the allegations contained therein.

59.    In response to paragraph 59 of plaintiffs' Complaint, defendant denies the allegations contained therein.

60.    In response to paragraph 60 of plaintiffs' Complaint, defendant denies the allegations contained therein.

61.    In response to paragraph 61 of plaintiffs' Complaint, defendant denies the allegations contained therein.

62.    In response to paragraph 62 of plaintiffs' Complaint, defendant denies the allegations contained therein.

63.    In response to paragraph 63 of plaintiffs' Complaint, defendant denies the allegations contained therein.

64.    In response to paragraph 64 of plaintiffs' Complaint, defendant denies the allegations contained therein.

65.    In response to paragraph 65 of plaintiffs' Complaint, defendant denies the allegations contained therein.

## PICCOLI'S THIRD ALLEGED CLAIM FOR RELIEF

### (Breach of Fiduciary Duty: Embezzlement)

66.    In response to Paragraph 66 of plaintiff's Complaint, the defendant hereby incorporates by reference Paragraphs 1 through 65 of this Answer to plaintiff's Complaint.

SECOND AMENDED ANSWER AND COUNTERCLAIM
CASE NO.: 08CV00104-JAH-NLS

67.     In response to Paragraph 67 of plaintiff's Complaint, defendant admits the allegations contained herein.

68.     In response to paragraph 68 of plaintiffs' Complaint, defendant denies the allegations contained therein.

69.     In response to paragraph 69 of plaintiffs' Complaint, defendant denies the allegations contained therein.

70.     In response to paragraph 70 of plaintiffs' Complaint, defendant admits that she has repaid any amounts she was advanced, which would have been repaid at the end of the project anyway as was the case with their prior projects.

71.     In response to paragraph 71 of plaintiffs' Complaint, defendant denies the allegations contained therein.

72.     In response to paragraph 72 of plaintiffs' Complaint, defendant denies the allegations contained therein.

## PICCOLI'S FOURTH ALLEGED CLAIM FOR RELIEF

### (Breach of Fiduciary Duty:  Abandonment of Project)

73.     In response to Paragraph 73 of plaintiff's Complaint, the defendant hereby incorporates by reference Paragraphs 1 through 72 of this Answer o plaintiff's Complaint.

74.     In response to paragraph 74 of plaintiffs' Complaint, defendant denies the allegations contained therein.

75.     In response to paragraph 75 of plaintiffs' Complaint, defendant denies the allegations contained therein.

76.     In response to paragraph 76 of plaintiffs' Complaint, defendant denies the allegations contained therein.

77.     In response to paragraph 77 of plaintiffs' Complaint, defendant denies the allegations contained therein.

78.     In response to paragraph 78 of plaintiffs' Complaint, defendant denies the allegations contained therein.

/ / /

SECOND AMENDED ANSWER AND COUNTERCLAIM

CASE NO.: 08CV00104-JAH-NLS

79.     In response to paragraph 79 of plaintiffs' Complaint, defendant denies the allegations contained therein..

## PICCOLI'S FIFTH ALLEGED CLAIM FOR RELIEF

### (Breach of Fiduciary Duty: False Information)

80.     In response to Paragraph 80 of plaintiff's Complaint, the defendant hereby incorporates by reference Paragraphs 1 through 79 of this Answer to plaintiff's Complaint.

81.     In response to paragraph 81 of plaintiffs' Complaint, defendant denies the allegations contained therein.

82.     In response to paragraph 82 of plaintiffs' Complaint, defendant denies the allegations contained therein.

83.     In response to paragraph 83 of plaintiffs' Complaint, defendant denies the allegations contained therein.

84.     In response to paragraph 84 of plaintiffs' Complaint, defendant denies the allegations contained therein.

85.     In response to paragraph 85 of plaintiffs' Complaint, defendant denies the allegations contained therein.

## PICCOLI'S SIXTH ALLEGED CLAIM FOR RELIEF

### (Breach of Settlement Agreement)

86.     In response to Paragraph 86 of plaintiff's Complaint, the defendant hereby incorporates by reference Paragraphs 1 through 85 of this Answer to plaintiff's Complaint.

87.     In response to paragraph 87 of plaintiffs' Complaint, defendant denies the allegations contained therein.

88.     In response to paragraph 88 of plaintiffs' Complaint, defendant denies the allegations contained therein.

89.     In response to paragraph 89 of plaintiffs' Complaint, defendant denies the allegations contained therein.

90.     In response to paragraph 90 of plaintiffs' Complaint, defendant denies the allegations contained therein.

91.    In response to paragraph 91 of plaintiffs' Complaint, defendant denies the allegations contained therein.

### PICCOLI'S SEVENTH ALLEGED CLAIM FOR RELIEF

#### (Equitable Indemnity)

92.    In response to Paragraph 92 of plaintiff's Complaint, the defendant hereby incorporates by reference Paragraphs 1 through 91 of this Answer to plaintiff's Complaint.

93.    In response to paragraph 93 of plaintiffs' Complaint, defendant denies the allegations contained therein.

### PICCOLI'S EIGTH ALLEGED CLAIM FOR RELIEF

#### (Breach of Fiduciary Duty/Constructive Fraud)

94.    In response to Paragraph 94 of plaintiff's Complaint, the defendant hereby incorporates by reference Paragraphs 1 through 93 of this Answer to plaintiff's Complaint.

95.    In response to Paragraph 95 of plaintiff's Complaint, defendant denies the allegations contained therein.

96.    Defendant denies any and all other allegations of plaintiff's Complaint not specifically admitted herein.

97.    Defendant affirmatively alleges that the Complaint fails to state a claim for which relief can be granted, as well as the following affirmative defenses.

### AFFIRMATIVE DEFENSES

#### FIRST AFFIRMATIVE DEFENSE

#### (Accord and Satisfaction)

Plaintiff's claims are barred by the doctrine of accord and satisfaction.

#### SECOND AFFIRMATIVE DEFENSE

#### (Duress)

Plaintiff's claims are barred by the doctrine of duress.

/ / /

SECOND AMENDED ANSWER AND COUNTERCLAIM

CASE NO.: 08CV00104-JAH-NLS

## THIRD AFFIRMATIVE DEFENSE

### (Estoppel)

Plaintiff has engaged in conduct and activities by which he is estopped to assert claims against Libby Rauch.

## FOURTH AFFIRMATIVE DEFENSE

### (Failure of Consideration)

Plaintiff's claims are barred by the doctrine of failure of consideration.

## FIFTH AFFIRMATIVE DEFENSE

### (Fraud)

Plaintiff's claims are barred by the doctrine of fraud.

## SIXTH AFFIRMATIVE DEFENSE

### (Illegality)

Plaintiff's claims are barred by the doctrine of illegality.

## SEVENTH AFFIRMATIVE DEFENSE

### (License)

Plaintiff's claims are barred by the doctrine of license.

## EIGHTH AFFIRMATIVE DEFENSE

### (Payment)

Plaintiff's claims are barred by the doctrine of payment.

## NINTH AFFIRMATIVE DEFENSE

### (Release)

Plaintiff's claims are barred by the doctrine of release.

## TENTH AFFIRMATIVE DEFENSE

### (Statute of Frauds)

Plaintiff's claims are barred by the statute of frauds.

///
///
///

SECOND AMENDED ANSWER AND COUNTERCLAIM

CASE NO.: 08CV00104-JAH-NLS

## ELEVENTH AFFIRMATIVE DEFENSE

### (Waiver)

Plaintiff has engaged in conduct and activities sufficient to constitute a waiver of any claim they may have against Libby Rauch.

## PRAYER

WHEREFORE, having fully answered and defended the Complaint, defendant prays as follows:

1. That the Complaint be dismissed;

2. That defendant be awarded attorneys' fees and costs as provided by law; and

3. That the Court grant such other and further relief as appears just and proper.

## JURY DEMAND

The defendant and counterclaimant, Libby Rauch, hereby demands a jury trial on all claims and defenses in the plaintiff's complaint and her answer.

## COUNTERCLAIM

The defendant and counter-claimant, Libby Rauch, hereby reasserts and incorporates by reference, the counterclaim she previously filed in this case on December 21, 2007, with her amended answer to plaintiff's original complaint.

## JURY DEMAND

The defendant and counter-claimant, Libby Rauch, hereby demands a jury trial on all claims and defenses in her counterclaim and counter-defendant's answer.

LAW OFFICES OF CHARLES S. LiMANDRI, APC

DATED: June 4, 2008          By:     /s/ Charles S. LiMandri
                                    CHARLES S. LiMANDRI
                                    STERLING J. STIRES
                                    Attorneys for Defendant LIBBY RAUCH

12

SECOND AMENDED ANSWER AND COUNTERCLAIM
CASE NO.: 08CV00104-JAH-NLS

## PROOF OF SERVICE

### Russell Piccoli v. Libby Rauch

*U.S. District Court Case No.: 08cv104 (JAH)(NLS)*

I, the undersigned, declare under penalty of perjury that I am over the age of eighteen years and not a party to this action; my business address is P.O. Box 9120, Rancho Santa Fe, California 92067, and that I served the following document(s):

- **SECOND AMENDED ANSWER OF DEFENDANT LIBBY RAUCH AND COUNTERCLAIM; DEMAND FOR JURY TRIAL.**

on the interested parties in this action by placing a true copy in a sealed envelope, addressed as follows:

Russell Piccoli
410 Neptune Avenue
Encinitas, CA 92024
Tel: (602) 315-3848
E-Mail: rxp@mwmf.com

Russell Piccoli
6039 North 41st Place
Paradise Valley, AZ 85253
Tel: (602) 315-3848
E-Mail: rxp@mwmf.com

■ **BY MAIL - as follows:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Rancho Santa Fe, California in the ordinary course of business. The envelope was sealed and placed for collection and mailing on this date following our ordinary practices. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY FAX - as follows:** I personally sent to the addressee's telecopier number a true copy of the above-described documents. Thereafter I sent a true copy in a sealed envelope addressed and mailed as indicated above.

■ **BY ELECTRONIC MAIL - as follows:** I served a true copy, electronically on designated recipients via electronic transmission of said documents.

I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct.

Executed on June 4, 2008, at Rancho Santa Fe, California.

Kathy Denworth

1