# EXHIBIT "A"

1  Charles S. LiMandri, SBN 110841
   Sterling J. Stires, SBN 199218
2  LAW OFFICES OF CHARLES S. LiMANDRI, APC
   P.O. Box 9120
3  Rancho Santa Fe, California  92067
   Telephone: (858) 759-9930
4  Facsimile:  (858) 759-9938

5  Attorneys for Defendant LIBBY RAUCH

8              UNITED STATE DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10 RUSSELL PICCOLI,                    )   CASE NO. 08CV00104-JAH-NLS
                                       )
11                                     )   **DEFENDANT LIBBY RAUCH'S**
              Plaintiff,               )   **RESPONSES TO PLAINTIFF RUSSELL**
12                                     )   **PICCOLI'S NON-UNIFORM**
                                       )   **INTERROGATORIES**
13 v.                                  )
                                       )   **[SET ONE]**
14                                     )
   LIBBY RAUCH,                        )
15                                     )
                                       )   Magistrate:  Hon. Nita L. Stormes
16            Defendant.               )   Judge: Hon. John A. Houston
                                       )
17 _____

18 PROPOUNDING PARTY:        Plaintiff, RUSSELL PICCOLI

19 RESPONDING PARTY:         Defendant, LIBBY RAUCH

20 SET:                      ONE

22         Defendant, LIBBY RAUCH (hereinafter referred to as "RAUCH"), hereby responds to Plaintiff
23 RUSSELL PICCOLI'S Interrogatories as follows:
24         The party on whose behalf these responses are given has not yet completed their investigation of
25 the facts relating to this litigation, has not yet completed her discovery in this action, and has not yet
26 completed her preparation for trial.  Consequently, the following responses may be premature, and are
27 given without prejudice to the answering party's right to amend these responses, at the time of trial, to
28 include subsequently discovered evidence relating.

                                        1
_____
             RESPONSES TO NON-UNIFORM INTERROGATORIES
                                       CASE NO.: 08CV00104-JAH-NLS

**INTERROGATORY NO. 9:**

Please provide the details of any and all emotional distress allegedly suffered by "other members of [your] family" as alleged in ¶ 54 of your Counterclaim, by identifying the person who supposedly suffered emotional distress, any medical or psychiatric treatment received by such person and/or any loss of income or business opportunities suffered by such person.

**RESPONSE TO INTERROGATORY NO. 9:**

No damages are being sought for the emotional suffering and distress of any of Defendant's family members, therefore Defendant objects to this request on the basis that it seeks information that is irrelevant to this litigation, and improperly invades the right of privacy of others.

However, without waiving the foregoing objection, Defendant responds as follows: Defendant's daughters have suffered emotional distress as a direct result of the intentionally oppressive, hurtful and unlawful conduct of the plaintiff.

**INTERROGATORY NO. 10:**

Please separately identify every conversation alleged by you in ¶ 85 of your Counterclaim, by date, parties to the conversation, who initiated the conversation, and exactly what was said.

**RESPONSE TO INTERROGATORY NO. 10:**

Defendant objects to this interrogatory on the basis that it is vague, ambiguous, and without reasonable limitations in its scope. It is also improperly compound. Thus, this request is oppressive and unreasonably burdensome. Defendant also objects to this request to the extent that it seeks information equally available to Plaintiff. Plaintiff was a party to each and every conversation alleged in ¶85, and Plaintiff has a copy of several of such voicemails on compact disc.

**INTERROGATORY NO. 11:**

Please separately identify every communication alleged by you in ¶ 87 of your Counterclaim, by date, parties to the conversation, and exactly what was said.

**RESPONSE TO INTERROGATORY NO. 11:**

Defendant objects to this interrogatory on the basis that it is vague, ambiguous, and without reasonable limitations in its scope. It is also improperly compound. Thus, this request is oppressive and unreasonably burdensome. Defendant also objects to this request to the extent that it seeks

information equally available to Plaintiff. Plaintiff was a party to each and every conversation alleged in ¶87.

Without waiving said objections, individuals and entities responsive to this request are: Donny Atherton, Ganahl Lumber, Jason Adams, David Rauch, the Encinitas City Inspector (name currently unknown), the electrician on the subject project (name known to Plaintiff), Inland Truss, the lather (name known to Plaintiff), and others not currently known. This list is not meant to be an exhaustive list; discovery is continuing and Defendant reserves the right to supplement this response upon discovery of individuals and/or entities which are responsive to this request.

The statements made by Plaintiff that are responsive to this request include, but are not limited to, statements that Defendant was engaged in a criminal conspiracy to embezzle money from Plaintiff; that Defendant had or was committing extortion; that Defendant "stole" money from Plaintiff. Defendant reserves the right to supplement this response as discovery is continuing.

**INTERROGATORY NO. 12:**

Separately, as to each of the "numerous conversation with subcontractors" as alleged by you in ¶ 98 of your Counterclaim, please identity any person (See Instruction A) to whom you allege plaintiff communicated, the date of any such communication and the precise words you allege plaintiff said.

**RESPONSE TO INTERROGATORY NO. 12:**

Defendant objects to this interrogatory on the basis that it is vague, ambiguous, and without reasonable limitations in its scope. It is also improperly compound. Thus, this request is oppressive and unreasonably burdensome. Defendant also objects to this request to the extent that it seeks information equally available to Plaintiff. Plaintiff was a party to each and every conversation alleged in ¶98.

Without waiving said objections, individuals and entities responsive to this request are: Donny Atherton, Ganahl Lumber, Jason Adams, David Rauch, the Encinitas City Inspector (name currently unknown), the electrician on the subject project (name known to Plaintiff), Inland Truss, the lather (name known to Plaintiff), and others not currently known. This list is not meant to be an exhaustive list; discovery is continuing and Defendant reserves the right to supplement this response upon discovery of individuals and/or entities which are responsive to this request.

The statements made by Plaintiff that are responsive to this request include, but are not limited to, statements that Defendant was engaged in a criminal conspiracy to embezzle money from Plaintiff; that Defendant had or was committing extortion; that Defendant "stole" money from Plaintiff. Defendant reserves the right to supplement this response as discovery is continuing.

**INTERROGATORY NO. 13:**

Please identify any document (See Instruction C) comprising, reflecting or evidencing any "written communications" as alleged by you in ¶ 102 of your Counterclaim.

**RESPONSE TO INTERROGATORY NO. 13:**

Defendant objects to this interrogatory on the basis that it is vague, ambiguous, and without reasonable limitations in its scope. It is also improperly compound. Thus, this request is oppressive and unreasonably burdensome. Defendant also objects to this request to the extent that it seeks information equally available to Plaintiff. Plaintiff was a party to each and every conversation alleged in ¶87.

However, without waiving the foregoing objections, Defendant responds as follows: Plaintiff wrote a letter to Donny Atherton (roofer) in which he slanders Defendant. Plaintiff also wrote a letter to Ganahl Lumber Co. in which he slanders Defendant. Defendant is attempting to discover all of those persons who received written communication form Plaintiff that would be responsive to this request.

LAW OFFICES OF CHARLES S. LiMANDRI, APC

DATED: April 29, 2008   By: _____
CHARLES S. LiMANDRI
STERLING J. STIRES
Attorneys for Defendant LIBBY RAUCH