Charles S. LiMandri, SBN 110841
Sterling J. Stires, SBN 199218
LAW OFFICES OF CHARLES S. LiMANDRI, APC
P.O. Box 9120
Rancho Santa Fe, California 92067
Telephone: (858) 759-9930
Facsimile: (858) 759-9938

Attorneys for Defendant LIBBY RAUCH

UNITED STATE DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL PICCOLI,<br><br>              Plaintiff,<br><br>v.<br><br>LIBBY RAUCH,<br><br>              Defendant. | CASE NO. 08CV00104-JAH-NLS<br><br>**DEFENDANT LIBBY RAUCH'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PICCOLI'S MOTION TO DISMISS SECOND AMENDED COUNTERCLAIM AND TO STRIKE UNTIMELY JURY DEMAND**<br><br>Date:         August 25, 2008<br>Time:        2:30 p.m.<br>Dept.:        11<br>Magistrate: Hon. Nita L. Stormes<br>Judge:       Hon. John A. Houston |

## TABLE OF CONTENTS

I.    INTRODUCTION AND STANDARD OF REVIEW
      FOR MOTION TO DISMISS ................................................... 1

II.   PICCOLI'S INAPPROPRIATE USE OF DEPOSITION
      TESTIMONY IN SUPPORT OF MOTION TO DISMISS ................ 2

III.  RAUCH'S BREACH OF CONTRACT CLAIMS WERE
      PLED SUFFICIENTLY ......................................................... 3

IV.   RAUCH HAS PROPERLY PLED PICCOLI'S BREACH
      OF THE IMPLIED COVENANT OF GOOD FAITH AND
      FAIR DEALING ................................................................. 4

V.    RAUCH'S CLAIM FOR ABUSE OF PROCESS WAS
      PROPERLY PLED ............................................................... 5

VI.   RAUCH'S CLAIMS FOR SLANDER AND LIBEL WERE
      PROPERLY PLED ............................................................... 6

VII.  DEFENDANT MADE A TIMELY JURY DEMAND ..................... 8

VIII. CONCLUSION ................................................................... 11

# TABLE OF AUTHORITIES

**U.S. Supreme Court Cases**:

Conley v. Gibson .................................................................... 1
    355 U.S. 41 (1957)

Ferens v. John Deere Co. .......................................................... 5
    494 U.S. 516 (1990)

**Federal Cases:**

Andrew Farms v. Calcolt, Ltd. ..................................................... 2
    527 F.Supp.2d 1239 (E.D. Cal. 2007)

Arpin v. Santa Clara Valley Transp. Agency ........................................ 2
    261 F.3d 912 (9th Cir. 2001)

Balistreri v. Pacifica Police Dept. ................................................ 2
    901 F.2d 696 (9th Cir. 1990)

Cahill v. Liberty Mutual Ins. Co. .................................................. 2
    80 F.3d 336 (9th Cir. 1996)

Clement v. American Greetings Corp. ............................................... 9
    636 F.Supp. 1326 (S.D. Cal. 1986)

De Law Cruz v. Tormey ............................................................. 1
    582 F.2d 45 (9th Cir. 1978)

Everest & Jennings, Inc. v. American Motors Ins. Co. .............................. 1
    23 F.3d 226 (9th Cir. 1994)

Gunther v. H.W. Gossard Co. ...................................................... 10
    27 F.Supp. 995 (S.D.N.Y. 1939)

In re Financial Federated Title & Trust, Inc. .................................... 10
    309 F.3d 1325 (11th Cir. 2002)

Isuzu Motors Ltd. v. Consumers Union of United States, Inc. ..................... 7, 8
    12 F.Supp.2d 1035 (C.D. Cal. 1998)

Jacobson v. Schwarzenegger ...................................................... 7, 8
    357 F.Supp.2d 1198 (C.D. Cal. 2004)

Parks School of Business, Inc. v. Symington ..................................... 1, 3
    51 F.3d 1480 (9th Cir. 1994)

Peloza v. Capistrano Unified School Dist. ......................................... 1
    37 F.3d 517 (9th Cir. 1994)

Silicon Knights, Inc. v. Crystal Dynamics, Inc. ................................... 8
    983 F.Supp. 1303 (N.D. Cal. 2001)

Solis v. County of Los Angeles ................................................... 10
    514 F.3d 946 (9th Cir. 2008)

# TABLE OF AUTHORITIES

Trixler Brokerage Co. v. Ralston Purina Co. .......................................................... 8
    505 F.2d 1045 (9th Cir. 1974)

United States v. White ............................................................................................. 1
    893 F.Supp. 1423 (C.D. Cal. 1995)

**California Cases**:

Applied Equip. Corp. v. Litton Saudi Arabia, Ltd. ................................................. 3
    7 Cal.4th 503 (1994)

Coleman v. Gulf Ins. Group. ................................................................................... 5
    41 Cal.3d 782 (1986)

FPI Dev. Inc. v. Nakashima .................................................................................... 3
    231 Cal.App.3d 367 (1991)

Freeman & Mills, Inc. v. Belcher Oil Co. ............................................................... 4
    11 Cal.4th 85 (1995)

Geoffroy v. Washington Mutual Bank .................................................................... 2
    2007 WL 4250013 (S.D. Cal. 2007)

Okun v. Superior Court (Maple Properties) ........................................................... 7
    29 Cal.3d 442 (1981)

Poirier v. Gravel ..................................................................................................... 3
    88 Cal. 79 (1891)

Spellens v. Spellens ................................................................................................ 5
    49 Cal.2d 210 (1957)

Templeton Feed & Grain v. Ralston Purina Co. ..................................................... 5
    69 Cal.2d 461 (1968)

Wise v. Southern Pac. Co. ...................................................................................... 3
    223 Cal.App.2d 50 (1963)

**Other State Cases:**

Bates v. Superior Court .......................................................................................... 6
    156 Ariz. 46 (1988)

Dawe v. Corrections USA ...................................................................................... 7
    2007 WL 3125091 (E.D. Cal. 2007)

Windsor v. Glasswoerks PHX, L.L.C. .................................................................... 5
    63 P.3d 1040 (Ariz. App. 2003)

///

## TABLE OF AUTHORITIES

**Federal Statutes**:

Federal Rules of Civil Procedure, Rule 11 .................................................... 4, 8

Federal Rules of Civil Procedure, Rule 12(b)(6) ........................................... 1, 2

Federal Rules of Civil Procedure, Rule 15(a) .................................................... 2

Federal Rules of Civil Procedure , Rule 38(b) ............................................... 8, 9

Federal Rules of Civil Procedure, Rule 39(b) .................................................. 10

**California Statutes/Regulations**:

California Civil Code, Section 45 ...................................................................... 7

California Civil Code, Section 46 ...................................................................... 6

**Other Authority**:

CACI 1520 .......................................................................................................... 5

Rest. Conflict of Laws § 155 (1971) ............................................................... 5, 6

The Rutter Group (2005): Schwarzer, Tahima & Wagstaff, ............................... 2
    Fed. Civ. Pro. Before Trial § 9:187

Witkin, Summary of California Law Contracts § 743 ........................................ 4

OPPOSITION TO MOTION TO DISMISS SECOND AMENDED COUNTERCLAIM & STRIKE UNTIMELY JURY DEMAND
CASE NO.: 08CV00104-JAH-NLS

Defendant LIBBY RAUCH (hereinafter referred to as "RAUCH"), hereby submits the following Memorandum of Points and Authorities in Opposition to the Motion to Dismiss the Second Amended Counterclaim and to Strike Untimely Jury Demand, made by plaintiff, RUSSELL PICCOLI (hereinafter referred to as "PICCOLI") as follows:

## I.

### INTRODUCTION AND STANDARD OF REVIEW FOR MOTION TO DISMISS.

This matter involves a dispute over an oral contract regarding the purchase and refurbishment of a home in the Olivenhein portion of Encinitas, CA (hereinafter referred to as the "Home"). Under the oral agreement, PICCOLI was to purchase the Home, and finance the refurbishment, construction and other related costs. Under the agreement, RAUCH was to oversee the construction on the House. RAUCH vehemently denies that she agreed to fund any part of the House or the construction project on the House.

In its consideration of a motion to dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court is required to "take all allegations of material fact as true and construe them in the light most favorable to the nonmoving party." Parks School of Business, Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1994); Everest & Jennings, Inc. v. American Motors Ins. Co., 23 F.3d 226, 228 (9th Cir. 1994). The Court must assume that all general allegations in the complaint/counterclaim "embrace whatever specific facts might be necessary to support them." Peloza v. Capistrano Unified School Dist., 37 F.3d 517, 521 (9th Cir. 1994). A complaint/counterclaim "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In other words, in ruling on a Motion to Dismiss for Failure to State a Claim, pursuant to Rule 12(b)(6), the Court must decide whether the facts alleged, if true, would entitle RAUCH to some form of legal remedy. Unless the answer is unequivocally "no," the motion must be denied. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); De Law Cruz v. Tormey, 582 F.2d 45, 48 (9th Cir. 1978).

A dismissal, pursuant to F.R.C.P. Rule 12(b)(6), is proper only in "*extraordinary*" cases. United States v. White, 893 F.Supp. 1423, 1428 (C.D. Cal. 1995). "In resolving a 12(b)(6) motion, the court must (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-

pleaded factual allegations as true; *and* (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief." Schwarzer, Tahima & Wagstaff, Fed. Civ. Pro. Before Trial (The Rutter Group 2005) at § 9:187 (citing Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 337-338 (9th Cir. 1996)). Furthermore, if a motion to dismiss is granted, "the standard for leave to amend is generous," and such leave must be "freely granted when justice so requires." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 701 (9th Cir. 1990); F.R.C.P. Rule 15(a).

## II.
## PICCOLI'S INAPPROPRIATE USE OF DEPOSITION TESTIMONY
## IN SUPPORT OF MOTION TO DISMISS.

PICCOLI inappropriately bases his motion to dismiss on RAUCH's deposition testimony. Evidence outside the complaint should not be considered in ruling on a motion to dismiss. Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 925 (9th Cir. 2001). PICCOLI asks the court to consider RAUCH's deposition testimony to determine whether she has stated a claim for which relief can be granted. See, PICCOLI's Memorandum of Points and Authorities (hereinafter "PICCOLI's Memo.") at pp. 2, 3, 9. Specifically, PICCOLI attempts to use RAUCH's deposition testimony to argue the merits of the case with regard to RAUCH's defamation, slander, and libel claims. Any argument PICCOLI makes based on such testimony is tainted, and should be disregarded by the Court.

A motion under F.R.C.P. Rule 12(b)(6), such as the present motion, tests the sufficiency of the plaintiffs' complaint based upon the face of the pleadings. Andrew Farms v. Calcolt, Ltd., 527 F.Supp.2d 1239, 1248 (E.D. Cal. 2007). In deciding such a motion, the Court cannot consider material outside the complaint, such as facts presented in discovery materials. Id., citing Arpin, *supra*, 261 F.3d at 925; see also, Geoffroy v. Washington Mutual Bank, 2007 WL 4250013 (S.D. Cal. 2007) (court denied F.R.C.P. Rule 12(b)(6) motion to dismiss because motion was "largely predicated upon extraneous evidence, not properly considered on a motion to dismiss."). In the present matter, because PICCOLI's motion is "largely predicated" on the inadmissible evidence of Ms. RAUCH's deposition and her discovery responses, the motion should be dismissed in its entirety. In the alternative, RAUCH respectfully requests the Court to disregard all arguments made by PICCOLI that are based on the deposition testimony and discovery responses of Ms. RAUCH.

2

## III.

## RAUCH'S BREACH OF CONTRACT CLAIMS WERE PLED SUFFICIENTLY.

In a breach of contract action, the plaintiff must plead the existence of a contract and its terms that establish the obligation at issue. FPI Dev. Inc. v. Nakashima, 231 Cal.App.3d 367, 383 (1991). Further, the plaintiff must plead the defendant's unjustified breach of the contract. Poirier v. Gravel, 88 Cal. 79, 82 (1891). The plaintiff must allege sufficient facts to apprise the defendant of the specific conduct that violates the contract, but need not allege evidentiary facts. Wise v. Southern Pac. Co., 223 Cal.App.2d 50, 62 (1963), disapproved on other grounds, at Applied Equip. Corp. v. Litton Saudi Arabia, Ltd., 7 Cal.4th 503 (1994).

In the present matter, in the First Cause of Action for Breach of Contract, RAUCH pled the existence of the oral contract, its basic terms, PICCOLI's breach, and that the breach caused RAUCH damages. Further, the exact damages are not presently known; the finder of fact will determine exactly what damages have been suffered. Essentially, PICCOLI asserts that the law requires proof of damages at the pleading stage. This is not what the law requires, and RAUCH pled the required elements for a prima facie case of breach of an oral contract. In fact, by the allegations set forth in paragraphs 29 through 49, and 62 through 69 of RAUCH's Second Amended Counterclaim ("SAC"), RAUCH very specifically pled the terms of the oral contract, pled that she complied with her obligations, and pled the details of PICCOLI's conduct that amount to the breach of the contract. Furthermore, and as addressed herein, RAUCH pled facts describing that PICCOLI's conduct amounted to bad faith, and is subject to punitive damages. (See, SAC, at paras. 70 through 78).

PICCOLI seems to believe that the pleading rules for federal court require RAUCH to prove her allegations and to prove her damages. See, PICCOLI's Memo. at p. 4 (asserting that breach of contract damages must be proximately caused, without showing that proximate cause must be specifically pled). RAUCH has properly pled the elements of Breach of Contract and, pursuant to the foregoing, PICCOLI's Motion to Dismiss should be denied. This is especially true since the Court must view the alleged facts in the Second Amended Counterclaim as true. Parks, *supra*, 51 F.3d at 1484. If the Court is inclined to grant PICCOLI's motion, with regard to RAUCH's cause of action for Breach of

///

1  Contract, RAUCH respectfully requests that the Court grant her leave to amend the Counterclaim.
2      PICCOLI, throughout his Motion to Dismiss, asserts various facts as if they are true simply
3  because he says they are, and does not provide any evidence to support those facts. In fact, he requests
4  that the Court take judicial notice of something (the current real estate market) that would require
5  "evidence," but he does not cite to any authority or any admissible facts to support his position. He
6  then accuses counsel for RAUCH of some sort of violation of Rule 11 of the Federal Rules of Civil
7  Procedure without any evidence or legal authority. PICCOLI's unprofessionalism and hardball tactics
8  have been, and probably will continue to be, his *modus operandi* throughout this dispute. In that
9  regard, PICCOLI's direct and veiled threats are evidence of the continued attempted extortion that he
10 has exhibited since the beginning of this dispute. Though PICCOLI is representing himself in this
11 matter, he is a licensed attorney in Arizona and New Jersey, and is not exempt from following legal
12 and ethical rules.

## IV.

## RAUCH HAS PROPERLY PLED PICCOLI'S BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING.

16     In every contract there is an implied covenant of good faith and fair dealing by each party not to
17 do anything which will deprive the other party of the benefits of the contract, and a breach of this
18 covenant by failure to deal fairly or in good faith gives rise to an action for damages. Freeman & Mills,
19 Inc. v. Belcher Oil Co., 11 Cal.4th 85, 102-103 (1995); see also, Witkin, Summary of California Law,
20 "Contracts," § 743. A party to a contract breaches the implied covenant of good faith and fair dealing
21 by interfering with or failing to cooperate with the other party in the performance of the contract.
22     RAUCH has pled the factual allegations of PICCOLI's bad faith conduct. Specifically,
23 RAUCH pled that PICCOLI attempted to change the terms of the oral contract to his benefit, that he
24 willfully and intentionally breached the oral contract knowing that such a breach would harm RAUCH,
25 and made unlawful threats to pursue a criminal action when RAUCH refused to agree to PICCOLI's
26 new terms. (See, SAC at paras. 70 through 78). Despite PICCOLI's assertions otherwise, these
27 allegations go beyond the mere breach of a contract, and sufficiently plead the elements of PICCOLI's
28 / / /

breach of the covenant of good faith and fair dealing.  Pursuant to the foregoing, RAUCH respectfully requests the Court to deny PICCOLI's Motion to Dismiss RAUCH's Counterclaim.

## V.

### RAUCH'S CLAIM FOR ABUSE OF PROCESS WAS PROPERLY PLED.

"To establish a cause of action for abuse of process, a plaintiff must plead two essential elements: that the defendant (1) entertained an ulterior motive in using the process and (2) committed a wilful act in a wrongful manner." Coleman v. Gulf Ins. Group., 41 Cal.3d 782, 792 (1986); and CACI 1520.  The improper purpose usually takes the form of coercion to obtain a collateral advantage, such as the payment of money, by "the use of the process as a threat or a club." Templeton Feed & Grain v. Ralston Purina Co., 69 Cal.2d 461, 466 (1968).  "There is, in other words, a form of extortion, and it is what is done in the course of negotiation, rather than the issuance or any formal use of the process itself, which constitutes the tort." Id. (citing Spellens v. Spellens, 49 Cal.2d 210, 232-233 (1957)).

PICCOLI's motive for initiating litigation in this matter was to force RAUCH to agree to change the terms of the oral contract, and indemnify him for any speculative loss in the future, when she should not lawfully have to do so.  This was specifically pled in the Counterclaim by RAUCH. (See, SAC, at paras. 87 through 89).  Furthermore, and as will be shown at trial, PICCOLI is simply attempting to destroy RAUCH financially through the litigation of this matter.  RAUCH also pled that PICCOLI's misuse of the legal process has caused her injury.  This legal process is designed for these improper purposes.  PICCOLI seeks to have RAUCH prove her case at this stage, which the law does not require.  Given that the Court must view allegations as true for the purpose of this motion, PICCOLI's Motion to Dismiss should be denied.

PICCOLI inappropriately attempts to confuse this court into applying Arizona substantive law. California substantive law controls this issue under Arizona's choice of law rules.  A transferee court must follow the choice of law rule of the transferor court. Ferens v. John Deere Co., 494 U.S. 516, 519 (1990).  "Arizona courts follow the Restatement (Second) Conflict of Laws (1971) to determine the controlling law." Windsor v. Glasswoerks PHX, L.L.C., 63 P.3d 1040, 1044 (Ariz. App. 2003).  "The rights and liability of the parties for...abuse of process are determined by the local laws to the State where the proceeding complained-of occurred *unless, with respect to the particular issue, some other*

*State has a more significant relationship....*" Rest. Conflict of Laws § 155 (1971) (emphasis added). Furthermore "where the injury is to plaintiff's personal interests, we give greater weight to the residence of the alleged tort victim." <u>Bates v. Superior Court</u>, 156 Ariz. 46, 50 (1988). In the case at bar, (1) RAUCH is a resident of California; (2) the events giving rise to PICCOLI's abuses occurred in California; (3) PICCOLI's threats and communications in this matter were directed to Californians and California businesses; (4) the parties agreed and stipulated that California was a more appropriate forum; and (5) any injuries suffered by RAUCH, occurred in California. Therefore California, not Arizona, has an overwhelmingly significant connection to PICCOLI's abuse of process, and California substantive law should apply according to Arizona's choice of law rule.

Since PICCOLI fails to support his motion to dismiss RAUCH's abuse of process claim with any relevant law, and RAUCH has properly pled a claim for abuse of process, PICCOLI's motion should be denied.

Again, RAUCH respectfully requests leave to amend her Second Amended Counterclaim should the Court grant any part of PICCOLI's Motion to Dismiss.

## VI.

### RAUCH'S CLAIMS FOR SLANDER AND LIBEL WERE PROPERLY PLED.

RAUCH pled a cause of action for slander in her Second Amended Counterclaim. (See, SAC, at paras. 90 through 97). California Civil Code Section 46, states in pertinent part:

> Slander is a false and unprivileged publication, orally uttered . . . which (1) Charges any person with crime; . . . (3) Tends directly to injure him in respect to his office, profession, trade or business, either by imputing to him general disqualification in those respects which the office or other occupation peculiarly requires, or by imputing something with reference to his office, profession, trade, or business that has a natural tendency to lessen its profits; . . . (5) Which, by natural consequence, causes actual damage.

In the present matter, and as specifically pled by RAUCH, PICCOLI orally communicated to subcontractors, who were then working on the Home, that RAUCH was engaged in a criminal conspiracy to defraud and embezzle funds from PICCOLI, and that RAUCH's criminal conduct caused the subcontractors not to be fully paid. (See, SAC, at paras. 90 through 97). Further, RAUCH pled that PICCOLI knew that those allegations were false, and that RAUCH suffered damages as a result.

A claim for slander need not include the exact words alleged to be slanderous. <u>Dawe v. Corrections USA</u>, (slip copy) 2007 WL 3125091 (E.D. Cal. 2007). The claim only need describe the substance of the defamatory statement. <u>Id</u>. (citing California Supreme Court case of <u>Okun v. Superior Court (Maple Properties)</u>, 29 Cal.3d 442, 458 (1981). The defamatory allegations are specifically pled by RAUCH, and certainly sufficiently pled with enough specificity as the Federal Rules of Civil Procedure and the law require. This is especially true since the Court must accept these allegations as true for the purpose of ruling on this motion to dismiss.

RAUCH has also pled a cause of action for libel. However, PICCOLI does not make any kind of distinction in his Motion to Dismiss between the slander and libel causes of action. According to California Civil Code Section 45:

> Libel is a false and unprivileged publication by writing, printing, picture, effigy, or other fixed representation to the eye, which exposes any person to hatred, contempt, ridicule, or obloquy, or which causes him to be shunned or avoided, or which has a tendency to injure him in his occupation.

In her cause of action for libel, RAUCH has pled that PICCOLI communicated in writing to subcontractors, who were then working on the Home, that RAUCH was engaged in a criminal conspiracy to defraud and embezzle funds from PICCOLI, and that RAUCH's criminal conduct caused the subcontractors not to be fully paid. Though the words constituting alleged libel must be specifically identified in the pleadings, **the claimant need not plead the defamatory statement verbatim**. <u>Jacobson v. Schwarzenegger</u>, 357 F.Supp.2d 1198, 1216 (C.D. Cal. 2004)

PICCOLI's analysis of "Modern Federal Pleading Standards" fails in two ways: (1) PICCOLI's analysis is based on authorities outside this district, state and circuit; and (2) PICCOLI's analysis is faulty. PICCOLI failed to apply the law of this district (or any district in California or Arizona), or the law of the Ninth Circuit in supporting dismissal of RAUCH's defamation, libel, and slander claims. PICCOLI apparently believes that RAUCH must plead a verbatim transcript of PICCOLI's verbal and written abuse. Unlike in the district court in Missouri that PICCOLI cites, California District Courts take notice of California's defamation requirements and do not require a verbatim transcript of the alleged defamatory statements in pleadings. Though the words constituting alleged libel must be specifically identified in the pleadings, the claimant need not plead the defamatory statement verbatim.

Jacobson v. Schwarzenegger, 357 F. Supp.2d 1198, 1216 (C.D. Cal. 2004); see also Silicon Knights, Inc. v. Crystal Dynamics, Inc., 983 F. Supp. 1303, 1314 (N.D. Cal. 2001); and Isuzu Motors Ltd. v. Consumers Union of United States, Inc., 12 F. Supp.2d 1035, 1045-46 (C.D. Cal. 1998).

In the present matter, RAUCH has pled: (1) that PICCOLI, in written and oral communications, said that RAUCH had embezzled money and defrauded him; (2) that PICCOLI's campaign of slander and harassment took place during May and June 2007; and (3) that PICCOLI's statements were made to sub-contractors and family members. Thus, RAUCH's counterclaim has identified: (1) the substance of the defamatory statements; (2) when the statements were made; and (3) to whom PICCOLI made the statements sufficiently for PICCOLI to prepare an informed defense. To require any more specificity would require pleading a verbatim transcript, which is something that California federal courts recognize as unnecessary. Though RAUCH strongly believes that the allegations, as currently pled, are sufficient under California law and under the Federal Rules of Civil Procedure, RAUCH requests leave to amend her Second Amended Counterclaim should the Court deem the allegations to be insufficient.

PICCOLI states that RAUCH's pleadings "stands Rule 11 on its ear." However, PICCOLI does not explain this unintelligible statement in any way. RAUCH respectfully requests this Court to disregard this, and all other, unintelligible arguments made by PICCOLI.

## VII.

### DEFENDANT MADE A TIMELY JURY DEMAND.

RAUCH has made timely demands for a jury trial on her counterclaim and Second Amended Counterclaim and is entitled to trial by jury. Under the Federal Rules of Civil Procedure a party may demand a jury trial on any issue triable of right by a jury: "by serving the other parties with a written demand–which may be included in a pleading–no later than 10 days after the last pleading directed to the issue is served...." F.R.C.P. Rule 38(b). After a party has waived its right to a jury trial on the claims in an action, the addition of new claims may resurrect the right to a jury trial on the new claims, if those claims are based on new factual issues. Trixler Brokerage Co. v. Ralston Purina Co., 505 F.2d 1045 (9th Cir. 1974). When a party makes new claims of infliction of emotional distress and defamation, in an action originally based on breach of covenant of good faith and fair dealing and

demand in accordance with Rule 38(b). <u>Clement v. American Greetings Corp.</u>, 636 F.Supp. 1326 (S.D. Cal. 1986).

PICCOLI filed the complaint in this action alleging breaches of contract, and fiduciary duty, fraud and other related claims. RAUCH removed the case to the United States District Court for the District of Arizona and filed an answer. Neither party made a demand for a jury trial. After a joint stipulation to transfer to this Court, RAUCH filed an Amended Complaint and Counterclaim, then subsequently a Second Amended Counterclaim. The Counterclaim, and Second Amended Counterclaim, which demanded a jury trial on behalf of RAUCH, allege causes of action which include intentional infliction of emotional distress, slander, and libel. (See, Amended Answer and Counterclaim, and SAC). The right to jury trial was never waived with respect to the claims asserted in the Counterclaim and the Second Amended Counterclaim, and RAUCH included this demand in her amended pleadings.

The present matter is similar to <u>Clement</u>, *supra*, where this Court explicitly stated that claims of infliction of emotional distress and defamation required examining new factual issues above and beyond the breach of contract claims. <u>Clement</u>, *supra*, 636 F.Supp. at 1334. Furthermore, the original complaint and answer never addressed whether PICCOLI is liable for damages arising out of the remodeling project, which requires findings of fact beyond the scope of the original complaint and answer. In sum, the claims RAUCH makes in her Counterclaim (and Second Amended Counterclaim) are new issues, and she has a right to trial by jury of those issues under the Federal Rules of Civil Procedure, the law of the Ninth Circuit and this District. PICCOLI pitifully attempts to side-step the law of this district and circuit by quoting treatises that are not on-point, which themselves rely on an opinion outside the Ninth Circuit. Furthermore, PICCOLI's newly Amended Complaint raises the opportunity to demand a jury trial, and RAUCH did demand a jury trial in response to PICCOLI's Amended Complaint.

///
///
///
///

On June 4, 2008, PICCOLI filed an Amended Complaint, which added entirely new claims for breach of fiduciary duty and constructive fraud.[1] Though he claims the allegations are based on the same facts as the initially pled causes of action, PICCOLI alleges, for the first time, that he is entitled to "any and all losses sustained by him with respect to this project." (See, Amended Complaint, at para. 95). With respect to these damages, and the alleged claims that entitle PICCOLI to these damages, the cause of action for breach of fiduciary duty/constructive fraud are "new" claims. An amended pleading asserting new factual issues may revive a previously waived right to a jury, at least as to the new issues raised in the amended pleading. In re Financial Federated Title & Trust, Inc., 309 F.3d 1325, 1329-1330 (11th Cir. 2002)[new allegations significantly raised amount of damages claimed].

Furthermore, this Court should exercise its discretion to allow a trial by jury on all issues in the complaint, answer and counterclaim. Under Federal Rules of Civil Procedure Rule 39(b), the Court, in its discretion, may order a jury trial on any issue for which a jury might have been demanded, even if the right has been waived. "Because the right to a jury trial is a fundamental right guaranteed to our citizenry by the Constitution, courts should indulge every reasonable presumption against waiver." Solis v. County of Los Angeles, 514 F.3d 946, 953 (9th Cir. 2008). When a counterclaim makes a timely demand for jury trial and that counterclaim encompasses the same factual transaction(s) as the original complaint and answer, the court should exercise its discretion to allow a jury trial on all those issues in the complaint, encompassed by the counterclaim. Gunther v. H.W. Gossard Co., 27 F.Supp. 995 (S.D.N.Y. 1939). The Gunther Court exercised its discretion to allow a jury trial on all issues because "[i]t would be an anomalous situation to have the issues in respect to the counterclaims tried by a jury, and the issues in respect to the causes of action pleaded in the complaint tried by the Court without a jury. Much of the evidence would be the same on each trial and it would result in a duplication of the work of the Court." Id.

In the case at bar, RAUCH never waived her right to a jury trial with respect to her counterclaim. (See, Amended Answer and Counterclaim p. 1, and the SAC). While PICCOLI clings

---

[1] It is interesting to note that PICCOLI claims, over and over again, that RAUCH has failed to properly allege damages, but then fails to state what his damages are in his own pleadings.

to the October 31, 2007 Joint Stipulation agreement, that agreement did not purport to affect procedural rights accruing *after* that agreement. RAUCH filed the original counterclaim on December 21, 2007, and it is beyond the scope of the October 31, 2007 Joint Stipulation agreement. For efficiency of the judicial process, this Court should exercise its discretion to allow a jury to try all issues in this case since RAUCH's Counterclaim made a timely demand for jury trial, and it encompasses the same transaction as the complaint and answer. Pursuant to the foregoing, RAUCH respectfully requests that the Court deny PICCOLI's Motion to Strike RAUCH's demand for a jury.

## VIII.
## **CONCLUSION.**

RAUCH has properly pled a demand for a jury in her Counterclaim and Second Amended Counterclaim. Furthermore, RAUCH has complied with the pleading requirements of the Federal Rules of Civil Procedure for each of the causes of action pled. Each cause of action was pled with the specificity required by law, and the elements of each cause of action were properly pled. For the foregoing reasons, RAUCH respectfully requests that the Court deny PICCOLI's Motion to Dismiss in its entirety. Should the Court be inclined to grant any part of PICCOLI's motion, RAUCH requests that the Court grant her leave to amend her Second Amended Counterclaim.

LAW OFFICES OF CHARLES S. LiMANDRI, APC

DATED: August 7, 2008         By:    /s/ Sterling J. Stires
                                     CHARLES S. LiMANDRI
                                     STERLING J. STIRES
                                     Attorneys for Defendant LIBBY RAUCH

# PROOF OF SERVICE

## Russell Piccoli v. Libby Rauch

*U.S. District Court Case No.: 08cv104 (JAH)(NLS)*

I, the undersigned, declare under penalty of perjury that I am over the age of eighteen years and not a party to this action; my business address is P.O. Box 9120, Rancho Santa Fe, California 92067, and that I served the following document(s):

- **DEFENDANT LIBBY RAUCH'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PICCOLI'S MOTION TO DISMISS SECOND AMENDED COUNTERCLAIM AND TO STRIKE UNTIMELY JURY DEMAND.**

on the interested parties in this action by placing a true copy in a sealed envelope, addressed as follows:

| | |
|---|---|
| Russell Piccoli<br>410 Neptune Avenue<br>Encinitas, CA 92024<br>Tel:  (602) 315-3848<br>E-Mail: rxp@mwmf.com | Russell Piccoli<br>6039 North 41st Place<br>Paradise Valley, AZ 85253<br>Tel:  (602) 315-3848<br>E-Mail: rxp@mwmf.com |

■    **BY MAIL - as follows:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Rancho Santa Fe, California in the ordinary course of business.  The envelope was sealed and placed for collection and mailing on this date following our ordinary practices.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐    **BY FAX - as follows:** I personally sent to the addressee's telecopier number a true copy of the above-described documents.  Thereafter I sent a true copy in a sealed envelope addressed and mailed as indicated above.

■    **BY ELECTRONIC MAIL - as follows:** I served a true copy, electronically on designated recipients via electronic transmission of said documents.

I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct.

Executed on August 8, 2008, at Rancho Santa Fe, California.

Kathy Denworth