Russell Piccoli (#004492)
6039 North 41st Place
Paradise Valley, Arizona 85253
Phone: (602) 285-5000
Fax: (602) 285-5100

Attorney Pro se

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL PICCOLI, a single man<br><br>Plaintiff,<br><br>vs.<br><br>LIBBY RAUCH, a single woman<br><br>Defendant. | CASE NO. 08-CV-104 JAH (NLS)<br><br>**REPLY MEMORANDUM RE MOTION TO DISMISS SECOND AMENDED COUNTERCLAIM**<br><br>**Date:  August 25, 2008<br>Time: 2:30 p.m.<br>Courtroom 11**<br><br>**Oral Argument Not Required** |

I.  **THE COURT MUST APPLY *TWOMBLY* STANDARDS IN DETERMINING THE SUFFICIENCY OF THE SECOND AMENDED COUNTERCLAIM.**

Despite being fully advised of the decision four months ago (*see* Reply Memorandum, April 14, 2008 at 2), defendant still relies on a host of cases preceding the United States Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, ____ U.S. _____, 127 S.Ct. 1955 (2007).  She still even quotes the explicitly rejected standard that a complaint "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  Opposition at 1.  However, *Twombly* observed that there was "no need to pile up further citations to show that *Conley's* 'no set of facts' language has been questioned, criticized, and explained away long enough. . .  [and that] this famous observation has earned its retirement." *Bell Atlantic Corp.*, 127 S.Ct. at 1969.

Rather, as enunciated by *Twombly*, Rule 8(a) now requires, *inter alia*, that "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory" (*Id.*, quoting *Car Carriers Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1006 (7th Cir. 1984) and provide "'fair notice' of the nature of the claim". *Id.*, 127 S.Ct. at 1965 n.3. As indicated below, all of defendant's amended counterclaims still fail to satisfy one or another of these standards.

## II. DEFENDANT'S CONTRACT COUNTERCLAIMS ARE STILL DEFICIENT FOR THEIR FAILURE TO ALLEGE ANY DAMAGE FROM PLAINTIFF'S ALLEGED BREACH.

The basis of both motions to dismiss defendant's contract counterclaims was (and is) simple enough: to properly state a breach of contract claim, numerous California cases require an allegation of damages proximately caused by the breach -- *and defendant has still never alleged damages from any breach*. To the contrary, although defendant affirmatively alleges that the only compensation she would have received as a result of the contract was an equal "split" of "all profits after sale of the new property" (2 **CC** ¶ 31), *she never alleges that she would have realized any profit absent plaintiff's breach or termination*. To the contrary, she affirmatively alleges that even as early as "late-April [2007]," "the potential for profiting from the project had been greatly reduced or eliminated." *Id.* ¶¶ 50-51.

Defendant offers three arguments to save her contract claims, but none hold water. First, she cites three cases ostensibly for the proposition that damages resulting from the breach need not be pled. Opposition at 1. None so hold. *Poirier v. Gravel*, 88 Cal. 79 (1891) involved no issue of pleading damage. *FPI Development, Inc. v. Nakashima*, 231 Cal.App.3d 367, 282 Cal.Rptr. 508 (1991) simply concerned what had to be pled in a suit on a promissory note – and included "an allegation of non-payment." *Id.* at 517. *Wise v. Southern Pacific Co.*, 223 Cal.App.2d 50, 35 Cal.Rptr. 652 (1963) directly controverts defendant's position: it specifically required allegations of "defendant's breach; and. . .the resulting damage to

plaintiff" as "essential elements required to be pleaded." *Id*. 223 Cal.App.2d at 59, 35 Cal.Rptr. at 657.

Defendant's second argument fares no better. She again asserts that she pled "that the breach caused [her] damages." Opposition at 1. However, unlike as to other allegations not in issue, she provides no citation to her pleading to support her argument – and her second amended counterclaim is still devoid of any such allegation.

Finally, defendant attempts to recast the motion as demanding "proof of damages at the pleading stage." Opposition at 1. But clearly, that is (and never was) the basis for dismissal. Rather, in addition to *Wise*, no less than four more California cases expressly require "an allegation that the damages to plaintiffs resulting [from the breach] is legally actionable." *Gautier v. General Telephone Co.*, 234 Cal.App.2d 302, 305, 44 Cal.Rptr. 404 (1965) (additional cases collected at Motion at 4). Defendant simply ignores all four cases and the entire basis for dismissal. It is clear defendant cannot allege any damages resulting from any breach, because she cannot allege any profit would have ever been realized.

No amendment should be permitted. In this respect, this deficiency was the primary basis of first motion to dismiss and defendant made no effort to cure it by her amended counterclaim. In addition to the shortcomings of both her counterclaims, defendant has provided two initial disclosure statements, neither of which have identified a single document supporting any allegation that she would have realized a profit in the absence of plaintiff's alleged breach. Exhibits 1 and 2. More importantly, the second initial disclosure statement apparently abandoned any computation of contract damages. Exhibit 2 at 3. Moreover, although the initial motion set forth a simple formula to determine whether defendant could have realized a profit or not, she offered no response to that formula in her opposition.

Finally, defendant's present opposition offers no clue as to how she would ever assert damages from any breach, or as to how she would have realized a profit on the underlying transaction pursuant to standard accounting practices. Two attempts are enough. The time

for amendment ended on May 30. Discovery closes on October 10, 2008. Defendant's counterclaims 1, 2, 7 and 8 should be dismissed. Any further amendment should be denied.

## III.  DEFENDANT'S ABUSE OF PROCESS COUNTERCLAIM MUST BE DISMISSED.

The opposition conceded that "[a] transferee court must follow the choice of law rules of the transferor court." *In re American Continental/Lincoln Sav. & Loan Sec. Litig.*, 845 F.Supp. 1377, 1383 (D. Ariz. 1993) *aff'd* 102 F.3d 1524 (9th Cir. 1996), *citing Ferens v. John Deere Co.*, 494 U.S. 516, 519, 110 S.Ct. 1274, 1277 (1990), and that "[i]n the absence of law to the contrary, Arizona follows the Restatement [of Laws.]" *Webster v. Culbertson*, 158 Ariz. 159, 162, 761 P.2d 1063, 1066 (1988). She also concedes that "[t]he rights and liabilities of the parties for. . .abuse of process are determined by the local laws of the State where the proceeding complained of occurred, unless, with respect to the particular issue, some other State has a more significant relationship. . ." RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 155.

Nonetheless, defendant argues that California law should apply because this state has a greater interest in "the particular issue." However, she overlooks both the precise verbage of the Restatement exception – and all of the comments as to when the exception applies.

Initially, according to the black letter of § 155 itself, the law of the state of filing will apply, "unless. . .some other state has a more significant relationship under [general conflict principles] *to the occurrence and the parties*." Emphasis added. Here, the only "occurrence" was the filing of suit in Arizona, and the "parties" are equally divided between Arizona and California. Consequently, Arizona law applies pursuant to the plain letter of the Restatement.[1]

---

[1] *Bates v. Superior Court*, 156 Ariz. 46, 749 P.2d 367 (1985) is plainly inopposite, as the operative events occurred in different states. *Bates* was an insurance bad faith case where the accident occurred in Michigan and coverage was denied to the plaintiff in Arizona.

4

According to the Comment:

> The likelihood that some other state other than that where the proceeding complained of occurred is the state of most significant relationship is greater *in those relatively rare situations where the state where the proceeding complained of occurred bear little relation to the occurrence and the parties*.

*Id*. at Comment b, at 475 (emphasis added). The "rare occasions" when the law of another state will apply generally involve situations where both parties reside in some other state from the filing or other situations inopposite to here. *Id*. at 476. "When the defendant's conduct (*i.e.* here, *only* the filing of suit) and the proceeding complained of take place in the same state, the local law of this state will usually be applied. . ." *Id*.

Here, defendant alleges plaintiff's filing of his initial complaint constituted an abuse of process. That complaint was filed by an Arizona resident, in Arizona state court, in part, to seek relief for fraudulent representations made to him in Arizona. The bulk of the "factors" cited by defendant relate to alleged acts distinct from the purported abuse of process. The stipulation to transfer venue is irrelevant. It was made on October 31, 2007, two months prior to defendant's assertion of an abuse of process claim on December 21, 2007.

As indicated by the motion, in order to establish abuse of process, Arizona law "requires an overt act other than the initiation of a lawsuit to effect the illegitimate end." *American Continental*, 845 F.Supp. at 1385. Defendant does not dispute this requirement of Arizona law.[2] She does not argue that she actually alleged any separate "overt act". As such, her abuse of process claim must be dismissed. Defendant not suggesting how this fundamental defect can be cured by some third amended counterclaim, dismissal should be with prejudice.

---

[2] According to defendant's own authority, it appears that California law also requires a wrongful act in addition to the mere filing of suit for an allegedly improper purpose. *See Coleman v. Gulf Ins. Group*, 41 Cal.3d 782, 792 718 P.2d 77, 81 (1986) *citing Tellefsen v. Key Transit Lines*, 198 Cal.2d 611, 613-14, 17 Cal.Rptr. 919, 921 (1961).

IV. **DEFENDANT'S DEFAMATION CLAIMS ARE STILL DEFICIENT FOR HER FAILURE TO IDENTIFY WHAT WAS SAID TO WHO.**

Defendant opposes dismissal of her defamation claims by asserting she had no obligation to plead the "exact words" by which she was allegedly defamed, and that she "certainly sufficiently pled with enough specificity as the Federal Rules of Civil Procedure and the law require." Opposition at 7. She rejects the various federal authorities cited by the motion on the basis they are "outside this district, state and circuit." Id. She finally cites three decisions from the Central and Northern Districts as ostensibly supporting her pleading. As indicated below, defendants "shotgun" allegations fail to satisfy any reasonable standard.

Concededly, federal authority is not uniform in holding exactly what must be alleged to sufficiently plead a defamation claim. As noted by the motion, the majority view requires "what allegedly defamatory statements were made by whom and to whom." *Ersek v. Township of Springsfield*, 822 F.Supp. 218, 223 (E.D.Pa. 1993) *aff'd* 102 F.3d 1979 (3rd Cir. 1996) (*see* other authorities at Motion at 9). Admittedly, other cases set a more forgiving standard. Upon analysis, the real measure is what federal procedure requires in the wake of *Twombly*.

Two decisions have specifically held the *Twombly* pleading standard applicable to defamation claims since *Twombly* was decided. *Damon v. Moore*, 520 F.3d 98, 102-3 (1st Cir. 2008) (holding claims insufficient even under old standard); *Robinson v. Stanley*, 2008 U.S. Dist. LEXIS 47597 (N.D.Ill. 2008). *Robinson* is particularly instructive.

Like here, *Robinson* involved a motion to dismiss an amended defamation counterclaim. Citing *Twombly*, the district court held "the complaint must give the defendant fair notice of what the. . .claim is and the grounds upon which it rests." *Id*. at 8, *quoting Bell Atlantic Corp.*, 127 S.Ct. at 1969. It also noted that "complaints must include "enough detail to illuminate that nature of the claim and allow defendants to respond." *Robinson* at 8, *quoting George v. Smith*, 507 F.3d 605, 608 (7th Cir. 2007). Based upon

these standards, the court dismissed the plaintiff's remaining defamation claims, "[b]ecause Robinson does not describe the speaker, the listener or the timing of these statements. . . .defendants are not in the position to properly file an answer in response to these allegations." *Robinson* at 15.

Defendant's pre-*Twombly* California district court cases do not really hold any more forgiving standard. All three of the cases dismissed the defamation claims as insufficiently pled. *Jacobson v. Schwarzenegger*, 357 F.Supp.2d 1198, 1216 (C.D.Cal. 2004); *Isuzu Motors Ltd. v. Consumers Union, etc.*, 12 F.Supp.2d 1035, 1045 (C.D.Cal. 1998); *Silicon Knights, Inc. v. Crystal Dynamics, Inc.*, 983 F.Supp. 1303, 1314 (N.D.Cal. 1997). *Jacobson* is especially troublesome to defendant as it alternatively based its dismissal on the plaintiff's failure to "identify" the allegedly defamatory statement. *Jacobson*, 357 F.Supp.2d at 1216.

Here, defendant's defamation claims are plainly deficient under *Twombly*, *Robinson* and *Jacobson*. Specifically, while defendant alleges the general substance of the statements she asserts to be defamatory, she fails to "identify", in any manner whatsoever, to whom they were made or when they were made. To the contrary, she asserts she was slandered in "numerous conversations with subcontractors holding liens on the. . .property, and possibly with other individuals to be discovered." 2 **CC** at 41. She likewise fails to "identify" any writing she asserts to be libelous or specify to whom it was published. *Id*. at 995. These pleading defects are exacerbated by defendant's two initial disclosure statements. Neither identifies any writing alleged to be libelous. Although all but one of defendants' witnesses – *including defendant herself* – "may" or "will" testify to "the libel and slander causes of action," neither statement identifies any witness as one to whom defamatory statements were allegedly made.[3]

---

[3] Defendant's interrogatory answers are similarly unenlightening. *Inter alia*, she claims to have been slandered to three unidentified persons "and others not currently known." Motion at Exhibit A.

As such, plaintiff is without any "fair notice" upon which to defend these allegations. He has no idea who really needs to be deposed and could burden unnecessary persons with depositions. There is no writing to establish as true on summary judgment. There is no limitation on what statements defendant can allege were defamatory at trial. The federal pleading standards set forth in the moving papers should be enforced. Defendant's defamation claims are plainly insufficient and must be dismissed.

Any leave to amend ought to be tightly circumscribed. The motion detailed many of defendant's procedural shenanigans to date.[4] She had an opportunity to amend her defamation claims following the first motion to dismiss, but refused to do so. She refused to provide proper interrogatory answers – and discovery cuts off on October 10, 2008. Should defendant fail to properly amend her defamation claims – by alleging what was purportedly said to whom – by September 10, 2008, amendment should be denied.

## V. DEFENDANT'S JURY DEMAND MUST STILL BE STRICKEN, AT LEAST AS TO THE ISSUES JOINED BY THE COMPLAINT AND ORIGINAL ANSWER.

Defendant asserts that plaintiff's assertion of a new theory of relief by his amended complaint should reopen her time to demand a jury. Alternatively, she argues the Court should exercise its discretion to excuse her waiver. Finally, she argues she is entitled to a jury on any of her new counterclaims which may survive to trial, a point not contested by the motion.

Defendant's first argument is disposed by this district's prior decision in *Clement v. American Greetings Corp.*, 636 F.Supp. 1326 (S.D.Cal. 1986) and the Ninth Circuit's controlling decision in *Trixler Brokerage Co. v. Ralston Purina Co.*, 505 F.2d 1045 (9th Cir. 1974). As this court observed in *Clement*, *Trixler* holds that "the mere assertion of new legal

---

[4] Defendant complains that her deposition is irrelevant to dismissal, and no argument for dismissal is based upon her deposition. But her "good faith' is plainly relevant to amendment, such that her filing of unread, false claims and verification of interrogatory answers without review are plainly germane to any third amended counterclaim.

8

theories based upon facts previously pleaded does not constitute the presentation of a new *issue* on which a jury trial should be granted under Fed.R.Civ.P. 38(b), and thus would not revive the pleader's right to a jury trial." *Clement*, 636 F.Supp. at 1334, *citing Trixler*, 505 F.2d at 1050.  The amended complaint plainly alleged no additional facts, but rather simply added a legal theory on facts previously pled.  *See* Amended Complaint at ¶¶ 94-5.  Accordingly, no new right to demand a jury arose.[5]

Defendant also argues that the court should exercise its discretion to excuse her of her jury waiver because the issues of her counterclaim for which she is entitled to a jury trial so closely overlap with those framed by the original pleadings.  She offers no explanation as to how any proofs overlap, and it is virtually impossible to see how they would.  Even if all of defendant's bad faith, defamation, abuse of process and emotional distress counterclaims somehow survived dismissal, the underlying issues would differ significantly from those joined by the original pleadings.  However, should any of defendant's counterclaims survive to trial, the court may defer any exercise of its discretion to the pretrial conference.

Simply stated, defendant failed to request a trial by jury with ten days of the filing of her answer and waived her right to trial by jury as to all claims encompassed by the complaint and answer.  Plainly, no factual issues were added by the amended complaint and no new right to a jury arose.  Defendant did timely request a trial by jury as to any additional claims raised by her counterclaim, should any such survive pre-trial proceedings.

Accordingly, the Court should grant the motion to strike defendant's jury demand in part, and defer it in part.  The motion should be granted to the extent that defendant is not entitled to a jury trial as to any issues joined by the complaint and answer.  It should be deferred in part, as to any issues separately raised by the counterclaim which remain after

---

[5] Defendant's citation of *In re Financial Federated Title and Trust, Inc.*, 309 F.3d 1325 (11th Cir. 2002 ) does not change the result.  There, the demand increased from $10,000 to $1,017,647.  *Id.* at 1329.  Here, the amount of damages was not increased at all, just the theory of relief.  *Compare* Amended Complaint at ¶ 93 and 95.

9

CASE NO 08-CV-104 JAH( NLS)

pre-trial proceedings, to the pre-trial conference. At the pre-trial conference, the Court can properly designate which issues must be tried to the Court, which are triable to a jury, and as to the manner and sequence in which all issues should be tried. In the highly unlikely event of a significant overlap, the Court can consider an exercise of its discretion to forgive defendant's waiver at that time. In any case, federal practice does not permit a defendant to revive her right to trial by jury by filing a counterclaim long after her answer.

## CONCLUSION

The motion to dismiss should be granted. The motion is not a "time waster." Defendant's contract-based and abuse of process claims plainly lack allegations of "material elements necessary to sustain recovery under *some* viable legal theory." *Bell Atlantic Corp.*, 127 S.Ct. at 1969. Having refused to amend after the first motion to dismiss, it does not appear likely that defendant would ever be able to allege she would have realized a profit or any separate "overt act" within the restrictions of Rule 11 to save these claims. As such, dismissal of these claims should be with prejudice. Any amendment of defendant's defamation claim should only be permitted to the extent she specifically pleads what was said to who, and is filed by September 10.

The motion to strike defendant's untimely jury demand should be granted as to all issues joined by the original answer, and deferred to the pretrial conference as to other issues.

**RESPECTFULLY SUBMITTED** this 18th day of August, 2008.

/s/ Russell Piccoli
Russell Piccoli
6039 North 41st Place
Paradise Valley, Arizona 85253
Attorney Pro se

10

CASE NO 08-CV-104 JAH( NLS)

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing paper was served upon all counsel of record by serving them electronically at kdenworth@limandri.com (Sterling Stires).

Phoenix, Arizona, this 18th day of August, 2008.

                                    /s/ Russell Piccoli
                                    RUSSELL PICCOLI

U:\ATTORNEYS\RXP\Libby\Reply Memorandum re Mtn to Dismiss Second Amended Counterclm (08-18-08).doc