Russell Piccoli (#004492)
6039 North 41st Place
Paradise Valley, Arizona 85253
Phone: (602) 285-5000
Fax: (602) 285-5100

Attorney Pro se

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL PICCOLI, a single man<br><br>                    Plaintiff,<br><br>vs.<br><br>LIBBY RAUCH, a single woman<br><br>                    Defendant. | **CASE NO. 08-CV-104 JAH (NLS)**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL INTERROGATORY ANSWERS**<br><br>Date: September 18, 2008<br>Time: 11:00 a.m.<br>Courtroom F<br><br>**Oral Argument Not Required** |

**I.     INTRODUCTION.**

The instant motion seeks to compel detailed responses to: (a) Interrogatory 12 requesting defendant to detail (i.e. precisely what was allegedly said to whom) her slander allegations, and (b) Interrogatory 13 demanding she identify any writing she claims to have libeled her.

Plaintiff certifies that the parties have met and conferred at length twice by telephone and also by written communication concerning this dispute, within the past 30 days. Although the parties are attempting to resolve other disputes which may require court intervention, they are at impasse regarding these defamation interrogatories. Because little

time will remain to conduct necessary depositions following resolution of this dispute, plaintiff moves to compel at this time.

## I. DEFENDANT MUST BE COMPELLED TO SPECIFY PRECISELY WHAT PLAINTIFF SAID TO WHOM TO ALLEGEDLY DEFAME HER

### A. The Allegations and Discovery Responses

Defendant's counterclaim alleged she was slandered as follows:

> In numerous conversations with subcontractors holding liens on the Olivenhain property, the Counterdefendant has alleged that Ms. Rauch was part of a criminal conspiracy to defraud and embezzle funds from the Counterdefendant, and that her criminal activity caused the subcontractors not to be paid. Counterclaim at ¶ 98.

Given the significant lack of detail provided by the counterclaim, plaintiff propounded two nearly identical interrogatories seeking the details of the conversations alleged in her counterclaim. As defendant provided identical answers to both, a recitation of Interrogatory 12 and its answer sufficiently outlines the issue:

**INTERROGATORY NO. 12:**

Separately, as to each of the "numerous conversation with subcontractors" as alleged by you in ¶ 98 of your Counterclaim, please identify any person (See Instruction A) to whom you allege plaintiff communicated, the date of any such communication and the precise words you allege plaintiff said.

**RESPONSE TO INTERROGATORY NO. 12:**

Defendant objects to this interrogatory on the basis that it is vague, ambiguous, and without reasonable limitations on its scope. It is also improperly compound. Thus, this request is oppressive and unreasonably burdensome. Defendant also objections to this request to the extent that it seeks information equally available to Plaintiff. Plaintiff was a party to each and every conversation alleged in ¶ 98.

Without waiving said objections, individuals and entities responsive to this request are: Donny Atherton, Ganahl Lumber, Jason Adams, David Rauch, the Encinitas City Inspector (name currently unknown), the electrician on the subject project (name

> known to Plaintiff), Inland Truss, the lather (name known to Plaintiff), and others not currently known.  This list is not meant to be an exhaustive list; discovery is continuing and Defendant reserves the right to supplement this response upon discovery of individuals and/or entities which are responsive to this request.
>
> The statements made by Plaintiff that are responsive to this request include, but are not limited to, statements, that Defendant was engaged in a criminal conspiracy to embezzle money from Plaintiff; that Defendant had or was committing extortion; that Defendant "stole" money from Plaintiff.  Defendant reserves the right to supplement this response as discovery is continuing.

Initially, as defendant had personally verified this answer, plaintiff deferred any motion until after her examination.  Unfortunately, however, defendant had virtually no idea as to the basis of her claim.  Deposition of Libby Rauch at 141-8.  She even failed to identify most of the persons to whom she was supposedly defamed.  *Id*.  Defendant's counsel has been unable to provide detail because, according to him, he never spoke to any of the persons who he alleges defendant was slandered to either.

### B. **Background Legal Principles**

As argued in a motion to dismiss presently pending before Judge Houston, the majority of federal defamation pleading cases require specificity of "what allegedly defamatory statements were made by whom and to whom."  *Ersek v. Township of Springfield*, 822 F.Supp. 218, 223 (E.D.Pa. 1993) *aff'd* 102 F.3d 1979 (3rd Cir. 1996).  Notably, since the United States Supreme Court's recent decision in *Bell Atlantic Corp. v. Twombly*, ____ U.S. ____, 127 S.Ct. 1955 (2007), the single reported federal decision to consider the matter, dismissed the defamation claims with prejudice for the plaintiff's failure to "describe the speaker, the listener or the timing of these statements."  *Robinson v. Stanley*, 2008 U.S. Dist. LEXIS 47597, *15 (N.D.Ill. 2008).  If such detail can be required in pleading, such is plainly within the proper scope of discovery.

Quoting from an "instructive" case, the leading federal commentators opine that "[i]t is now settled that interrogatories are an appropriate means for obtaining specification of the

facts upon which a claim. . .is founded." 8A Wright-Miller-Marcus, FEDERAL PRACTICE AND PROCEDURE (2nd ed. 1994) § 2167 at 237-8 *quoting Hartsfield v. Gulf Oil Corp.*, 29 F.R.D. 163, 164 (E.D.Pa. 1962). An interrogatory is appropriate to "requir[e] a party to point out in particular to what act a claim. . .is directed. *Id*. at 236. "[A]n interrogatory will not be held objectionable as calling for research if it relates to details alleged in the pleading of the interrogated party, about which it presumably has information, or if the interrogated party would gather the information in the preparation of its own case." *Id*. § 2174 at 309. Finally, "[a]n interrogatory may inquire about some fact even though the answer is already [purportedly] known to the examining party." *Id*. § 2165 at 226.

### C. **Why Answer Is Insufficient**

The answer is insufficient from both a technical and practical perspective. It is technically insufficient because it just does not answer the question, i.e. it fails to identify the listener, time of the conversation or words spoken.

The practical insufficiencies of defendant's answer are best analyzed by considering the purposes for the interrogatory: to limit what claims defendant may present at trial; to ascertain whether dismissal can be secured by summary judgment, without further discovery and; to find out what witnesses actually need be deposed.

Defendant's virtual refusal to provide any detail frustrates all of those purposes. As there is no indication of what was allegedly said to whom, there is no limitation as to what proof defendant may present at trial. Because defendant's list of persons to whom she was supposedly slandered "is not meant to be an exhaustive list," and three of the purported listeners are unidentified or "name known to plaintiff," there is no way to ensure every appropriate examination is conducted even if all listed persons were deposed or gave affidavits.[1] Finally, because the allegedly slanderous statements "include, but are not limited

---

[1] For example, three electricians worked on the property. There were at least two inspectors and plaintiff is uncertain as to who the "lather" is.

4

CASE NO 08-CV-104 JAH( NLS)

to" various statements, there is no way to intelligently move for summary judgment, i.e. not blind.

If defendant contends a particular statement was made to a particular person, she is obligated to put such in her answer. At trial, she will have to prove it – she can tell what she thinks she can prove. Should plaintiff contest the making of the statement, he can take the deposition. If he made it and it is true, he can move for summary judgment. But this claim has been pending for eight motions and discovery is nearly closed. Now is the time to state the details of the claim so it can be reasonably tested through discovery, or drop the claim.

### D.     Defendant's Objections are Not Well Taken

Defendant has asserted a number of objections, as stated in her answer and in meet and confers. To the extent they are understood, they are addressed herein.

Defendant has asserted that this dispute will be resolved by the pending motion to dismiss her second amended counterclaim. She is correct -- if her claims are dismissed with prejudice or she is allowed to replead. However, Judge Houston could also rule the detail available through discovery, leaving the sufficiency of her present answers for further dispute -- or not resolve the issue at all until after discovery closes on October 10. Plaintiff needs prompt relief to timely complete discovery, and move for summary judgment on October 30.

Defendant's counsel asserts that he never spoke to the alleged listeners, and that plaintiff can interview or depose all of the possible listeners for himself. But plaintiff is entitled to know the basic claims which defendant will attempt to prove. "An interrogatory will not be held objectionable as calling for research if it relates to details alleged in the pleading of the interrogated party . . .or if the interrogated party would gather the information in the preparation of its own case." Wright-Miller-Marcus, § 2174 at 309. Indeed, it would appear that Rule 11 would have mandated some reasonable investigation in light of defendant's own ignorance of the facts (Rauch dep. at 141-8), at least before the filing of a second amended counterclaim carrying over the slander

allegations verbatim.  Compare Counterclaim at ¶ 98 with Second Amended Counterclaim at ¶ 91.

Nor can defendant avoid disclosing the details of her slander claim by asserting plaintiff should already know the answer himself: "An interrogatory may inquire about some fact even though the answer is known to the interrogatory party." Wright-Miller-Marcus § 2165 to 226.  Moreover, plaintiff does not know what statements defendant will intend to prove as defamation.  He is entitled to know in order to properly defend.

Finally, defendant's technical objections are without basis.  The interrogatory is not compound, nor vague and ambiguous.  It asks 3 distinct questions: to whom did plaintiff slander, when and what did he say.  Plaintiff is entitled to straight answers for each listener.

## II. PLAINTIFF IS ENTITLED TO IDENTIFICATION OF THE PURPORTEDLY LIBELOUS WRITINGS.

Plaintiff submitted the following interrogatory as to defendant's libel allegation:

**INTERROGATORY NO. 13**:

Please identify any document (See Instruction C) comprising reflecting or evidencing any "written communications" as alleged by you in ¶ 102 of your Counterclaim.

**RESPONSE TO INTERROGATORY NO. 13**:

Defendant objects to this interrogatory on the basis that it is vague, ambiguous and without reasonable limitations in its scope.  It is also improperly compound.  Thus, this request is oppressive and unreasonably burdensome.  Defendant also objects to this request to the extent that it seeks information equally available to Plaintiff.  Plaintiff was a party to each and every conversation alleged in ¶87.

However, without waiving the foregoing objections, Defendant responds as follows.  Plaintiff wrote a letter to Donny Atherton (roofer) in which he slanders Defendant.  Plaintiff also wrote a letter to Ganahl Lumber Co. in which he slanders Defendant.  Defendant is attempting to discover all of these persons who received written communication from Plaintiff that would be responsive to this request.

There are multiple letters to Atherton, as he provided services and filed a lien against the property. None make any false statement concerning defendant, or accuse her of any crime. She has not produced any letter to Ganahl. Given this confusion, defendant can identify whatever writing she contends libelous so as to simplify the summary judgment procedure. More importantly, there is no reason for plaintiff to argue every writing to these two subcontractors to be true. There is no reason for Judge Houston to engage in the effort of finding numerous irrelevant writings to be true.

### III. CONCLUSION.

The Motion to Compel should be granted. Defendant should be ordered to provide full and complete answers to Interrogatories 12 and 13 within 5 days.

**RESPECTFULLY SUBMITTED** this 20th day of August, 2008.

/s/ Russell Piccoli
Russell Piccoli
6039 North 41st Place
Paradise Valley, Arizona 85253
Attorney Pro se

# **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing paper was served upon all counsel of record by serving them electronically at kdenworth@limandri.com (Sterling Stires).

Phoenix, Arizona, this 20th day of August, 2008.

/s/ Russell Piccoli
RUSSELL PICCOLI

U:\ATTORNEYS\RXP\Libby\Memorandum of Points and Authorities re Motion to Compel Interrogatory Answer (8-20-08).doc