Charles S. LiMandri, SBN 110841
Sterling J. Stires, SBN 199218
LAW OFFICES OF CHARLES S. LiMANDRI, APC
P.O. Box 9120
Rancho Santa Fe, California 92067
Telephone: (858) 759-9930
Facsimile: (858) 759-9938

Attorneys for Defendant LIBBY RAUCH

UNITED STATE DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| RUSSELL PICCOLI, | ) CASE NO. 08CV00104-JAH-NLS |
|---|---|
| Plaintiff, | ) **DEFENDANT LIBBY RAUCH'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL INTERROGATORY ANSWERS** |
| v. | ) Date: September 18, 2008<br>) Time: 11:00 a.m.<br>) Courtroom: F<br>) Magistrate: Hon. Nita L. Stormes<br>) Judge: Hon. John A. Houston |
| LIBBY RAUCH, | |
| Defendant. | |

Defendant, LIBBY RAUCH, (hereinafter referred to as "Rauch" or "Defendant") hereby submits her Opposition to Plaintiff's Motion to Compel Interrogatory Answers as follows:

**PLAINTIFF HAS FAILED TO CONDUCT THE REQUIRED MEET AND CONFER**

Despite the plaintiff, RUSSELL PICCOLI (hereinafter "Piccoli" or "Plaintiff"), stating that a Meet and Confer occurred, no such meeting occurred. There were several telephonic discussions that have occurred over the past couple of months regarding various discovery issues. Furthermore, in the context of discovery, the issue of whether Rauch has to provide Piccoli with the identical words spoken that constitute the basis for Rauch's defamation claim has been discussed. However, in these discussions, and at no time prior to the filing of his Motion to Compel, did Piccoli indicate that he was going to file the motion, nor did he request that his conversations were to be considered the Meet and Confer requirement mandated by Local Rule 26.1.

Piccoli also indicates that several letters were exchanged between counsel regarding this issue. However, according to Local Rule 26.1(a): **"Under no circumstances may the parties satisfy the meet and confer requirement by exchanging written correspondence."** Furthermore, Piccoli did not file his Motion to Compel "within 30 days after counsel have met and conferred and reached an impasse with regard to any particular discovery issue. . ." (See, Court's Scheduling Order Regulating Discovery and Other Pre-Trial Proceedings, at para. 6). There was no Meet and Confer, and Piccoli filed the Motion to Compel, in bad faith, at a time that he knew that Rauch's counsel was on vacation.

Piccoli "certified" in his Motion to Compel that these discussions and writings took place; however, Piccoli fails to certify that the Meet and Confer requirements were met. Indeed, Piccoli failed to filed a Certificate of Compliance, in violation of Local Rule 26.1. Even if there were merit to Piccoli's motion, which is strongly disputed, Piccoli failed to comply with the Court's own rules regarding this very issue. Piccoli has either failed to read the Local Rules, or he is blatantly ignoring the Local Rules, and the Court's own internal rules, regarding discovery disputes. Either way, Piccoli should be held to conduct himself by the same rules that apply to all civil litigants. Pursuant to the foregoing, Rauch respectfully requests the Court to completely disregard Piccoli's Motion to Compel.

## RAUCH'S RESPONSES TO INTERROGATORIES ARE SUFFICIENT

In his Motion to Compel, Piccoli argues that it is Rauch's counsel's obligation to conduct interviews of the persons who allegedly heard the defamatory statements, then disclose to Piccoli what those witnesses recall. This is absolutely ridiculous. As Piccoli is himself an attorney, he should have heard of the attorney work product doctrine. Counsel is not required to disclose the contents of interviews to opposing counsel. Upjohn Co. v. United States, 449 U.S. 383, 399 (1981). In discovery responses, Rauch identified all those individuals that she could recall that were responsive to the discovery requests. **Absolutely nothing prevented Piccoli from interviewing the witnesses himself to find out what they recall hearing out of Piccoli's own mouth.**

Piccoli is well aware of the content of the statements that *he* made which are the basis for Rauch's defamation claim. As indicated in Piccoli's own motion, Rauch's response to the disputed interrogatories include the following statement: "The statements made by Plaintiff that are responsive to this request include, but are not limited to, statements that Defendant was engaged in a criminal

conspiracy to embezzle money from Plaintiff; that Defendant had or was committing extortion; that Defendant "stole" money from Plaintiff." Furthermore, Rauch's discovery responses disclose the names of all of the persons that she can recall whose identities are responsive to the discovery requests.

Rauch does not know the exact date that each defamatory statement was made by Piccoli. Rauch has indicated to Piccoli that she does not know the exact dates, and that if the exact dates were discovered, then counsel for Rauch would disclose the same. To date, Rauch has not found out what dates that Piccoli made the defamatory statements. As Piccoli, himself, made the statements, he should be aware of those details. Further, as Piccoli has been made aware of all of the persons who heard his defamatory statements, he can interview those persons. Rauch is simply planning on deposing and/or calling those witnesses at trial. Piccoli is improperly attempting to force Rauch to do his trial preparation for him.

Piccoli cites Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S.Ct. 1955 (2007) to support his assertion that Rauch must tell him exactly who the speaker was, the listener and the timing in her discovery responses. However, the Bell case has nothing to do with discovery responses, a motion to compel, and nothing to do with a defamation claim. Furthermore, most of the other cases that Piccoli cites are regarding pleading requirements and motions to dismiss. In other words, the cases cited by Piccoli have nothing to do with discovery disputes, and should not be considered in this matter. Quite simply, Piccoli is trying to have the Court decide his Motion to Dismiss prior to the date appointed by the Court. Rather than file this meritless Motion to Compel, Piccoli should have just filed a Motion for an Order Shortening Time when he filed his Motion to Dismiss.

Rauch's counsel told Piccoli on numerous occasions that the only writings that are currently in the possession of Rauch, and the only writings that Rauch can identify that are responsive to his discovery requests, are the letters which are in Piccoli's possession. Attached hereto as Exhibit "A" are the letters, which are responsive to Piccoli's discovery request, that were previously produced to him. Quite frankly, it is dishonest for Piccoli to now state that he has not received any such documentation. It appears that Piccoli is attempting to drive up fees and costs for Rauch for the improper purpose of forcing a settlement under his own terms. Rauch respectfully requests the Court to preclude Piccoli from engaging in such conduct by denying his Motion to Compel.

## CONCLUSION

Piccoli has completely failed to comply with the Meet and Confer requirements set forth in Local Rule 26.1. Pursuant to the Local Rules, the Meet and Confer requirement cannot be satisfied by writing letters. Even if it could, however, there is no writing that Piccoli has identified as constituting a "meet and confer." This is because there is no such writing in existence. Piccoli and counsel for Rauch have talked about discovery issues. However, there was never an agreement that any of these conversations were to be considered the required Meet and Confer, and absolutely no arrangements have ever been made to schedule such a telephonic Meet and Confer. Therefore, the Court should disregard Piccoli's Motion to Compel for failure to comply with the Court's rules and the Local Rules regarding discovery disputes.

Furthermore, Rauch has complied with Piccoli's requests the best that she can. She identified all of the information that she currently has that is responsive to the discovery requests in dispute. She has identified the persons who heard the defamatory statements, to the best of her recollection, and she has identified and produced the letters containing the libelous statements. (See, Ex. "A"). The discovery rules do not require Rauch to interview her witnesses, then tell Piccoli what those witnesses recall. Piccoli can conduct his own witness interviews, can depose the identified witnesses, and can call those witnesses at trial.

Pursuant to the foregoing, Rauch respectfully requests that the Court deny Piccoli's Motion to Compel.

LAW OFFICES OF CHARLES S. LiMANDRI, APC

DATED: September 3, 2008     By:    /s/ Sterling J. Stires
                                    CHARLES S. LiMANDRI
                                    STERLING J. STIRES
                                    Attorneys for Defendant LIBBY RAUCH

**Exhibit A**

JAMES M. BARRONS
TODD A. BAXTER
GARY L. BIRNBAUM
FREDDI J. BISMAN
JAMES T. BRASELTON
DAVID G. BRAY
ROBERT C. BROWN
DAVID V. BURKETT
J. GREGORY CAHILL
SPENCER W. CASHDAN
JASON B. CASTLE
SCOT L. CLAUS
D. SAMUEL COFFMAN
ROBIN L. DE RESPINO
DONALD E. DYEKMAN
FRED C. FATHE
GLENN M. FELDMAN
RICHARD A. FRIEDLANDER
JERRY GAFFANEY
KENNETH A. HODSON
SCOTT A. HOLCOMB
DAVID L. LANSKY
DANA M. LEVY
CLIFFORD L. MATTICE
BRIAN M. MUELLER
WILLIAM NOVOTNY
CHARLES H. OLDHAM
DAVID J. OUMETTE

JEFF C. PADDEN
JAMES H. PATTERSON
MICHAEL J. PLATI
MARLENE A. PONTRELLI
CHARLES S. PRICE
ANDREW L. PRINGLE
LES RAATZ
LEONCE A. RICHARD III
STEPHEN E. RICHMAN
JAMES S. RIGBERG
MICHAEL S. RUBIN
PAUL RUDERMAN
BARRY R. SANDERS
TRICIA SCHAFER
MICHAEL R. SCHEURICH
ROBERT L. SCHWARTZ
ROBERT A. SHULL
GARY J. SOSINSKY
TERRY L. TEDESCO
TIMOTHY J. THOMASON
DAVID L. THOMPSON
ANNE L. TIFFEN
DENISE H. TROY
SOPHIA VARMA
PETER A. WINKLER
STEVEN D. WOLFSON
CLAUDIA D. WORK

RUSSELL PICCOLI (OF COUNSEL)
PAUL V. WENTWORTH (OF COUNSEL)

PHILLIP WEEKS (1936-1993)
DONALD N. McINTYRE (1932-1998)

LAW OFFICES

**MARISCAL, WEEKS, McINTYRE & FRIEDLANDER, P.A.**

2901 NORTH CENTRAL AVENUE
SUITE 200
PHOENIX, ARIZONA 85012-2705

TELEPHONE: 602.285.5000
FACSIMILE: 602.285.5100
WEBSITE: http://www.mwmf.com

+WRITER'S DIRECT LINE: (602) 285-5036
FILE NO. _____

September 14, 2007

**VIA FEDERAL EXPRESS**

Norman Filer, Esq.
500 North State College Boulevard
Suite 1270
Orange, California 92868

    Re: **Ganahl Lumber/SN Construction**

Dear Mr. Filer:

  I am in receipt of your letter of September 6, 2007.

  You are incorrect as to one of key statements of your demand. SN Construction was not "my contractor". I never had any agreement with SN Construction regarding this project, as a general contractor or otherwise. Rather, any construction activity and obtaining of building materials was supposed to have been handled by my joint venturer, Libby Rauch, who subsequently became David Simon's fiancée. As more fully described in the attached complaint which I filed against Rauch, any agreement she may have had with SN Construction or Simon was in breach of her trust and legally unenforceable.

  SN Construction's lack of authority is problematic as to Ganahl's lien. As stated above, any materials supplied by Ganahl to SN Construction were not obtained by my contractor or other authorized agent as required by Civil Code § 3110. Under general principals of agency, "[a]n agent may appoint a subagent only if the agent has actual or apparent authority to do so". RESTATEMENT (THIRD) AGENCY § 3.15 (2), comment d. As indicated in the enclosed complaint, Rauch had no authority to hire SN Construction for any purpose in the absence of three bids and SN being the low bidder. As no bids

U:\ATTORNEYS\RXP\Correspondence\Norman Filer.doc

Norman Filer, Esq.
September 14, 2007
Page 2

---

were ever obtained regarding its work, no actual authority existed regarding her retention of SN or Simon. Moreover, I am unaware of any apparent authority she may have had or demonstrated to Ganahl.

More fundamentally, I have been advised by your client, both orally and in writing, that it is holding funds for payment of the same obligation for which you seek payment from me. Any mechanics lien is *ipso facto* discharged by payment. In this respect, as demonstrated by the enclosed checks and line of credit documentation, I had arranged adequate funds to pay suppliers for any amounts due to them. Rauch was in control of the account. On April 16, when Rauch wrote Ganahl's check, there was $126,630.00 available on the line of credit to pay it. Instead of permitting Ganahl to be paid by her check to it, Rauch and Simon literally diverted all funds in the account ($126,879) by checks to themselves or their benefit on April 17. After Ganahl's check bounced, Rauch promised to pay Ganahl on April 26, 27 and again on June 17. On June 25, I received a text message from Ms. Rauch, indicating that payment had been made to Ganahl and asking whether I had yet received a release.

From these circumstances, I can only presume that payment was tendered to Ganahl, and that it made some independent decision to pursue me irrespective of that tender. It may not do so under California law. Rather, California law is well settled that where tender is made and the creditor refuses to accept it as payment, any lien is discharged. *Leet v. Armbruster* (1904) 143 Cal. 663, 667-8, 77 P.653. "Tender of the amount due" on the debt, "though not accepted, discharges" the lien. *Id*., 143 Cal at 668. The lien is not saved by a creditor's effort to assist an embezzling primary obligor, whose fiancée is legally responsible for the debt.

Accordingly, please confirm that Ganahl has received payment on this account and immediately release the lien. In the event you do not immediately release the lien, please furnish me with copies of the front and back of any checks received by Ganahl with respect to this account, and any documentation you may contend supports an argument that the funds received by Ganahl do not constitute payment.

Finally, I am quizzical why you would even be soliciting payment from me in light of those facts and documentation which I previously furnished to Ganahl. As indicated by the enclosed checks and line of credit statement, on April 17, the day following Rauch's check to Ganahl to pay this account, Rauch and Simon literally cleaned out the construction line of credit by writing $126,879.00 in checks to themselves and for their own benefit. As a result, Ganahls' check bounced. According to Ganahl, it was unaware that SN Construction had no contract or any other agreement with me, that Rauch was Simon's fiancée, or that the two of them had caused Ganahl's check to bounce by converting all funds in the account to their own purposes. Under such circumstances,

Norman Filer, Esq.
September 14, 2007
Page 3

---

why in the world would Ganahl be chasing me when it has already received adequate funds to pay its bill?

In any case, in the event Ganahl does not immediately release its mechanics lien, I will bring suit against Ganahl to invalidate the lien and for slander of title. Simon plainly engaged in highly suspect, and likely criminal behavior. To the extent Ganahl knowingly colludes with Simon to extort my payment of an obligation for which his fiancée is liable by refusing to release a defective lien, it subjects itself to a substantial award of punitive damages. I trust that Ganahl was unaware of Simon's chicanery prior to my call, or the invalidity of its lien before this letter. But it is fully advised now, and legally responsible for its future conduct.

I look forward to your prompt release of Ganahls' lien. Should you have any questions please feel free to call.

Sincerely,

MARISCAL, WEEKS, McINTYRE
& FRIEDLANDER, P.A.

By: _____
Russell Piccoli

RP/ser2

Aug 29 07 02:00p   Russ Piccoli                 602 381 0600                p.1

FORWARD DAVE / SN COAST. (949) 457-0469



6039 North 41st Place – Paradise Valley, AZ 85253

**Russell Piccoli**

# Fax

To: Donny Atherton   From: Russ
Fax: 714 848 1165    Pages:
Phone:                Date:
Re: lien / Simon     CC:

☐ Urgent   ☐ For Review   ☐ Please Comment   ☐ Please Reply   ☐ Please Recycle

● Comments:

Dear Donny,

As I mentioned on my voicemail this morning, Simon's fiancee renegged on her June 16 agreement to pay you or to purchase the property. In the meantime, I think there are 2 problems with your lien:

1. Unless the statute has been amended, Civil Code § 3097 requires a 20 day preliminary notice within 20 days "after the claimant has _first_ furnished labor..." Although some time has passed, I thought your notice was sent long after 4/22, the last day you could have provided it. If I am incorrect, please furnish a copy of the notice and mailing information required by § 3097.1

2. You may only lien for the value of work not paid for. According to your fax of 6/4 you are only owed $14,133. As such, even if your notice was timely, you can only lien in that amount. Please release the excessive lien.

I would still like to discuss some accommodation. Please call 602 315 3848.   Thanks R

# PROOF OF SERVICE

## Russell Piccoli v. Libby Rauch

*U.S. District Court Case No.: 08cv104 (JAH)(NLS)*

I, the undersigned, declare under penalty of perjury that I am over the age of eighteen years and not a party to this action; my business address is P.O. Box 9120, Rancho Santa Fe, California 92067, and that I served the following document(s):

- **DEFENDANT LIBBY RAUCH'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL INTERROGATORY ANSWERS.**

on the interested parties in this action by placing a true copy in a sealed envelope, addressed as follows:

Russell Piccoli                                      **VIA PERSONAL SERVICE**
6039 North 41st Place
Paradise Valley, AZ 85253
Tel:  (602) 315-3848
E-Mail:  rxp@mwmf.com

☐ **BY MAIL - as follows:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Rancho Santa Fe, California in the ordinary course of business. The envelope was sealed and placed for collection and mailing on this date following our ordinary practices. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY FAX - as follows:** I personally sent to the addressee's telecopier number a true copy of the above-described documents. Thereafter I sent a true copy in a sealed envelope addressed and mailed as indicated above.

■ **BY ELECTRONIC MAIL - as follows:** I served a true copy, electronically on designated recipients via electronic transmission of said documents.

I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct.

Executed on September 4, 2008, at Rancho Santa Fe, California.

Kathy Denworth