Russell Piccoli (#004492)
6039 North 41st Place
Paradise Valley, Arizona 85253
Phone: (602) 285-5000
Fax: (602) 285-5100

Attorney Pro se

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL PICCOLI, a single man | CASE NO. 08-CV-104 JAH (NLS) |
| Plaintiff, | |
| vs. | REPLY MEMORANDUM RE MOTION TO COMPEL |
| LIBBY RAUCH, a single woman | Date:  September 18, 2008<br>Time: 11:00 a.m. |
| Defendant. | Courtroom F |
| | Oral Argument Not Required |

**I.   THE MEET AND CONFER REQUIREMENTS OF LOCAL RULE 26.1 WERE PROPERLY SATISFIED.**

Local Rule 26.1(a) requires a meet and confer between counsel prior to filing any motion to compel.  The rule permits a telephonic meet and confer where, as here, counsel maintain offices in different states.  Local Rule 26.1(b) requires a certificate that the Rule has been complied with at the time of the filing of the motion to compel. According to Black's Law Dictionary, a "certificate" is "[a] written assurance, or official representation, that some act has or has not been done [or] . . . a statement of some fact in a writing signed by the party certifying."  *Black's Law Dictionary*, 5th ed. at 205.  Here, in the introduction of the memorandum accompanying the motion:

> Plaintiff certifies that the parties have met and conferred at length twice by telephone and also by written communication concerning this dispute, within the past 30 days.

Memorandum at 1.  That statement was signed by plaintiff pursuant to Rule 11.  That Rule states in pertinent part that "[t]he signature of an attorney or party constitutes a certificate by the signer that . . . it is well grounded in fact. . ."  In hindsight, a sworn declaration that counsel had met and conferred may have been helpful.  However, the local rule not requiring any particular form of "certificate," a clear certification made pursuant to Rule 11 ostensibly satisfies the rule.

Despite plaintiff's certification that counsel had had two telephonic meet and confers within 30 days of the filing of the motion, defendant contends that while the parties did discuss the interrogatories (to what end and for what purpose is not described), "at no time prior to the filing of [plaintiff's] motion to compel, did [plaintiff] indicate he was going to file the motion, nor did he request that his conversations were to be considered the Meet and Confer requirement by Local Rule 26.1.  Opposition at 1.

Defendant's statements are unfounded.  Plaintiff's e-mails of July 24, July 25, and August 3, 2008 explicitly requested "meet and confer[s]" and indicated that plaintiff would telephone on August 13, 2008 "pursuant to the local rule."  Declaration of Russell Piccoli at ¶ 4 and Exhibits 1 and 3.  In response, defendant's counsel incorrectly insisted that the local rule required an "in person" meeting.  *Id*. at Exhibit 2.[1]  The parties' e-mails of August 15, 2008 both reflected that a motion to compel would be filed if no agreement were reached.  *Id*. at Exhibit 4.  In light of these clear writings – in which both sides discuss meet and confer and motions to compel – defendant cannot credibly contend she had no notice.  The various writings exchanged between counsel specifically reflect the fact that the parties had telephone conversations concerning the defamation interrogatories, that those conversations were to "meet and confer" "pursuant to the local rule" and that if unusuccessful "a motion to compel"

---

[1] In subsequent communications, which plaintiff precipitated to resolve this "meet and confer" dispute without burdening the court, defendant has again suggested that counsel were required to meet in person and that the rule required a 30-day waiting period.  Both positions are believed by the plain wording of Local Rule 26.1.

would be filed. *Id*. The meet and confer requirements of Local Rule 26.1 were plainly satisfied.

## II. DEFENDANT MUST DISCLOSE THE PURPORTED FACTUAL BASES OF HER DEFAMATION CLAIM.

"Contention interrogatories inquire 'into a party's contention in the case and the factual basis therefore,'" *Ice Corp. v. Hamilton Sunstrand*, 2007 U.S. Dist. LEXIS 32078 *53-4 (D. Kan. 2007) *quoting Continental Illinois Nat'l Bank & Trust Co. of Chicago v. Caton*, 136 F.R.D. 682, 684 (D. Kan. 1991) "Contention interrogatories can be useful, as they 'may be used to narrow and define the issues for trial, and they enable the propounding party to determine the proof required to rebut the responding parties' position.'" *Ice Corp.*, 2007 U.S. Dist. LEXIS at *55 *quoting Western Resources, Inc. v. Union Pacific Railroad Co.*, 2002 U.S. Dist. LEXIS 1004 *5 (D. Kan. 2002) "Fed. Civ. P. 33(c) 'expressly recognizes and permits the use of contention interrogatories.'" *Ice Corp.*, 2007 U.S. Dist. LEXIS at *53-4 *quoting DIRECTV, Inc. v. Pallesen*, 2005 U.S. Dist. LEXIS 9534 *8-9 (D. Kan. 2005). *Accord. Wong v. Regents of the University of California*, 410 F.3d 1052, 1061 (9th Cir. 2003); *D.P. Aviation v. Smith's Indus. Aero. & Def. Sys.*, 260 F.3d 829, 842 (9th Cir. 2001) (party may "[pin] down the scope of the contention by interrogatory"); *Tennyson v. City & County of San Francisco*, 226 F.R.D. 615, 618 (N.D. Cal. 2003).

Put another way, "[i]t is beyond question that defendant is entitled to discovery of the facts upon which plaintiff's claim is founded. . ." *Cornaglia v. Ricardi*, 63 F.R.D. 416, 419 (E.D. Pa. 1974). *Accord Anaya v. CBS Broadcasting, Inc.*, 2007 U.S. Dist. LEXIS 55676 *22 (D. N.M. 2007) (party "must provide the factual basis upon which their case relies"). It is simply indisputable that confronted with a contention interrogatory, a claimant must disclose the factual basis of his or her claim.

Defendant provides literally no legal citation whatsoever supporting her argument that she has no obligation to investigate and disclose the basis for claim – but can simply proceed

3

to call witnesses at trial to attempt to support it. Again, as indicated in the motion, federal procedure is to the contrary. "[A]n interrogatory will not be held objectionable as calling for research if it relates to details alleged in the pleading of the interrogated party, about which it presumably has information, or if the interrogated party would gather the information in a preparation of its own case." 8A Wright-Miller-Marcus, FEDERAL PRACTICE AND PROCEDURE (2nd ed. 1994, § 2174 at 309). Nor does defendant provide any authority for her proposition that she is not obligated the factual basis of her defamation claim because plaintiff should know who he spoke to and what he said. To the contrary, "[a]n interrogatory may inquire about some fact even though the answer is already [purportedly] known to the examining party." *Id.* § 2165 at 226.

Moreover, defendant cannot properly defend a motion under Rule 37 on the basis she is without information that another federal rule of civil procedure obligated her to obtain. Rule 11 requires a reasonable investigation of the facts before the filing of a complaint. The rule itself provides that a signing of a pleading certifies that "after an inquiry reasonable under the circumstances . . . the factual contentions have evidentiary support." "Rule 11 mandates that an attorney conduct a "reasonable inquiry" before signing a pleading." *McGhee v. Sanilac County*, 934 F.2d 89, 93 (6th Cir. 1991). Rule 11 requires an attorney to conduct an independent investigation in defamation cases, both with the recipients of the statements as to what was said (*Hilton Hotels Corp. v. Banar*, 899 F.2d 40, 43 (D.C. Cir. 1990) and as to whether "the allegedly defamatory statements were true before filing the complaint." *McGhee*, 934 F.2d at 93.

The requirement of a reasonable investigation should be that much stronger with regard to an amended pleading filed nearly a year after the case is pending. As such, it is simply no excuse for the defendant to say she need not reveal any facts concerning her claim because she has never investigated and does not know what they are. Indeed, an analysis of her libel claim provides little comfort in this respect. Specifically, as recently as June 9, she alleged that:

> In written communications with subcontractors holding liens on the Olivenhain property, [plaintiff] has expressly stated that Ms. Rauch was part of a criminal conspiracy to defraud and embezzle funds from [plaintiff] and that her criminal activity caused the subcontractors not to be paid. Second Amended Counterclaim at ¶ 94.

Now, as disclosed by her opposition, her libel claim consists of two writings which do not accuse her of any criminal conduct whatsoever. *See* Exhibits to Opposition. One writing simply asserts she had reneged on her agreement to pay his bill. *Id*. at Exhibit B. The signer either failed to bother to read these two short allegedly libelous writings before repleading defendant's libel claim, or made the claims in spite of what the letters said.

Setting aside the propriety of filing a claim making wholly improper, unsupported factual allegations, plaintiff is entitled to square answers to his defamation interrogatory. It is beyond reasonable legal dispute he is entitled to the full factual basis of defendant's defamation claims – or what was said to whom and when. Defendant cannot require plaintiff to make the investigation her counsel should have made prior to filing the claim, and such should be ordered. Otherwise, the claim should be dismissed.

## **CONCLUSION**

The opposition is untenable. Defendant should be ordered to make full disclosure of the factual basis of her defamation claims – i.e., full, complete and non-evasive answers to Interrogatory 12, within five days.

**RESPECTFULLY SUBMITTED** this 10th day of September, 2008.

/s/ Russell Piccoli
Russell Piccoli
6039 North 41st Place
Paradise Valley, Arizona 85253
Attorney Pro se

5

CASE NO 08-CV-104 JAH( NLS)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing paper was served upon all counsel of record by serving them electronically at kdenworth@limandri.com (Sterling Stires).

Phoenix, Arizona, this 10th day of September, 2008.


                                /s/ Russell Piccoli
                                RUSSELL PICCOLI

U:\ATTORNEYS\RXP\Libby\Reply Memorandum re Motion to Compel (09-10-08).doc