# DECLARATION OF RUSSELL PICCOLI

Russell Piccoli declares as follows:

1.    I am an attorney at law licensed before all courts in the States of New Jersey and Arizona and in various Federal district and circuit courts.

2.    I am in receipt of defendant's opposition to my motion to compel, where her counsel deny that any "meet and confer" occurred, and specifically counsel's assertion that:

> and at no time prior to the filing of [my] Motion to Compel, did [I] indicate that [I] was going to file the Motion, nor did [I] request that [my] conversations were to be considered the Meet and Confer requirement mandated by Local Rule 26.1. Opposition at 1.

3.    These assertions are both troubling to me as a lawyer[1] and not accurate.

4.    Specifically, as I certified in my motion papers, I had no less than two telephone conversations, on July 28 and August 13, with Sterling Stires, Esq., one of defendant's counsel, in an attempt to resolve our impasse regarding defendant's refusal to provide proper answers to my interrogatories regarding her defamation claims.

5.    Both of those conversations followed e-mails specifically requesting to schedule a time for a "meet and confer" or a conference "pursuant to the local rule." Moreover, during the course of those conversations, it was quite clear that those discussions were specifically considered to be "meet and confers" pursuant to the local rule, and that I would be filing a motion to compel in the event defendant did not agree to provide proper answers.

---

[1]    Because of the pettiness of any dispute as to whether we had met and conferred, I contacted defendant's counsel advising him of the various correspondence cited in this declaration, in an attempt to resolve the issue without court involvement.  In response, counsel simply indicated he had forgotten my e-mail of August 15, 2008 and requested that I "include [his] apology for [his] lapse in memory about the August 15, 2008 e-mail."

6. Although, the conversations were not tape-recorded, the fact that these conversations were intended to be "meet and confers" and that I would be filing a motion to compel if they were unsuccessful was also memorialized by various writings as follows:

A. On July 24, 2008, I e-mailed Charles Limandri, one of defendant's counsel, indicating near the close of the e-mail that "we need to *meet and confer* as to your production and interrogatory answers . . ." emphasis added. As the bulk of this e-mail concerns settlement matters, I have not attached it, but will do so if directed by the Court;

B. On July 25, 2008, I e-mailed Mr. Stires indicating in part "I will call you late-morning on Monday, because we also need to *meet and confer* on my interrogatories and RFP." emphasis added. A copy of this e-mail is attached hereto as Exhibit 1.

C. Subsequent to my e-mail, I received a letter from Mr. Stires reflecting our discussion on June 28 and arguing that the local rule required that we meet and confer in person. A copy of that letter without enclosures is attached hereto as Exhibit 2;

D. I responded to Mr. Stires' letter on August 3, 2008. My e-mail indicated in part that "[w]hile I will wait for your further responses before moving to compel, your proposals are insufficient," that "a[s] my office is in Arizona, no personal meeting is required" and that I would call him "at 10:00 a.m. [on August 13] pursuant to the local rule." A copy of that e-mail is attached as Exhibit 3. During my conversation with Mr. Stires on August 13, 2008, he did not further contend any personal meeting to be required;

E. As Mr. Stires and I had discussed during our meet and confer that I would await further responses before moving to compel, and I subsequently concluded that there would be insufficient time to complete discovery if I waited until September as we had discussed, on August 15, 2008, I e-mailed Mr. Stires again. That e-mail made another proposal to resolve this issue and indicated that "[o]therwise, I will move next week." A copy of that e-mail is attached hereto as Exhibit 4; and

2

1

2

3

F.    Mr. Stires responded to my e-mail the same day indicating in part that "a motion to compel would be a waste of everyone's time, including the court's."  A copy of that e-mail is also contained on Exhibit 4 attached hereto.

4

I declare the foregoing to be true pursuant to the laws of the United States of America.

5

**RESPECTFULLY SUBMITTED** this 10th day of September, 2008.

6

7

8

/s/ Russell Piccoli

RUSSELL PICCOLI

9

U:\ATTORNEYS\RXP\Libby\Declaration of Russell Piccoli (9-10-08).doc

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

3