# **EXHIBIT "1"**

## RUSS PICCOLI

**From:** RUSS PICCOLI  
**To:** Sterling J. Stires  
**Cc:** Charles S. Limandri  
**Subject:** RE:  
**Attachments:**

**Sent:** Fri 7/25/2008 4:56 PM

Thanks. I'll call you late morning on Monday, because we also need to meet and confer on my interogatories and RFP.

**From:** Sterling J. Stires [mailto:sstires@limandri.com]  
**Sent:** Fri 7/25/2008 4:59 PM  
**To:** RUSS PICCOLI  
**Cc:** Charles S. Limandri  
**Subject:**

Russ - I am currently out of the office, but heard that you called. I have not heard back from Libby regarding your offer to settle for $330,000, or to cap their out of pocket loss at that amount under the terms of the most recent proposed settlement agreement. When we hear an answer from our clients, we will let you know.

I will be preparing the joint motion to continue discovery based on the continued settlement negotiations, as I indicated yesterday.

I should be in the office on Monday if you want to talk then - otherwise, just shoot me an e-mail.

Sterling

Sterling J. Stires, Esq.  
Senior Associate  
Law Offices of Charles S. LiMandri, APC  
(858) 759-9930  
sstires@limandri.com

PRIVILEGED AND CONFIDENTIAL COMMUNICATION: The information transmitted in this mail message is privileged and confidential. If the reader of this message is not the intended recipient, or the employee or agent of the intended recipient, be advised that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone at (858) 759-9930. Please do not open any attached files if you are not the intended recipient.

# EXHIBIT "2"

Case 3:08-cv-00104-JAH-NLS   Document 35-3   Filed 09/10/2008   Page 3 of 11

*Law Offices of*

# CHARLES S. LiMANDRI
A PROFESSIONAL CORPORATION

CHARLES S. LiMANDRI*

STERLING J. STIRES
TERESA L. MENDOZA

RICHARD SALPIETRA
Of Counsel

POST OFFICE BOX 9120
RANCHO SANTA FE, CALIFORNIA 92067
TELEPHONE: (858) 759-9930
FACSIMILE: (858) 759-9938

WEBSITE: www.limandri.com

PHYSICAL ADDRESS:

16236 SAN DIEGUITO ROAD
BUILDING 3, SUITE 3-15
RANCHO SANTA FE, CA 92067

CARMEN SERRANO
Office Administrator

*BOARD CERTIFIED CIVIL TRIAL ADVOCATE;
ALSO ADMITTED TO THE DISTRICT OF COLUMBIA BAR

August 1, 2008

**Via E-Mail:** rxp@mwmf.com
**& U.S. Mail**

Mr. Russell Piccoli
6039 North 41st Place
Paradise Valley, AZ 85253

Mr. Russell Piccoli
410 Neptune Avenue
Encinitas, CA 92024

RE: **Russell Piccoli v. Libby Rauch**
Our File No.: 963

Dear Mr. Piccoli:

I am writing to supplement the defendant's discovery responses, as we discussed on June 28, 2007.

With regard to **Interrogatories 2, 3, and 4,** and **Request for Production 5,** we have requested the medical records from our client's treating medical facilities in order to produce the same to you in response to these requests. We have had some difficulty in obtaining these records, and will continue to pursue their production by the facilities. We are confident that we will obtain those documents in the near future, as our client has informed us that she will pick up those records herself. We understand that she is currently out-of-town, but will be returning next week. Once we have received those records, we will produce them to you. The information that you are seeking is, I am told, in those records.

With regard to **Interrogatories 5 and 6,** your requests are improperly compound as they request the identification of "personal expenditures," and request whether such expenditures were authorized by you within a day's time of the expenditure. Regardless of the form of the request, and our right not to answer the improperly compound request, we are providing an answer here. First, we are not aware if any of the expenditures were specifically authorized by you within a day's time the expenditure was made. We have never alleged that our client

Russell Piccoli, Esq.
RE: **Russell Piccoli v. Libby Rauch**
August 1, 2008
Page 2

---

obtained authorization from you within a day's time of the expenditure. Further, we assume that you would have this information.

With regard to the "personal expenditures" referenced in **Interrogatories 5 and 6**, and in paragraph 13 of the Counterclaim, you are, or should be, in possession of the Construction Account documentation, such as the credit card statements, the checking account records and the bank statements. These documents, to which you have access as the account holder, should contain the information you are seeking. Further, we are producing a similar spreadsheet/chart attached hereto, which contains the information that is in our possession that is responsive to this request, and which we recently received.

Much of the information that you are seeking is contained in the attachments to the letter from Charles LiMandri to you, dated May 29, 2008. I refer you to that letter, and its attachments to that letter. One of those attachments was a chart that our client provided, which included the date of the checks written, the check numbers, what the checks were written for, and the amount of the checks.

With regard to the financial records evidencing the "personal expenditures," because you are the account holder, you are, or should be, in possession of such documentation. In fact, your documentation, and/or the documentation that you have sole access to through your bank, is likely the best source of the information that you request. Your bank will not give those records to us without your written, and probably notarized, consent. The document, prepared by our clients, attached hereto and referenced above, contains some of the information you seek in this interrogatory

With regard to **Interrogatory 7**, part of our initial response to you was "As Defendant reimbursed all such expenditures, no such offset applied to the subject project." This continues to be our response, and we are not supplementing it at this time.

With regard to **Request for Production 6**, and as I indicated to you in our conversation on July 28, 2008, the defendant is not in possession of any documents responsive to this request. You had indicated in our conversation that you were aware of this fact.

With regard to our client's phone records (**Requests for Production 7 and 8**), we will not be producing such documentation. You are correct that the defendant indicated in her deposition that she believed the records may be in the possession of SN Construction. However, there was never an agreement by her to produce those records. On behalf of the defendants, we repeat the answer that we gave you in our initial response to the request for the production of her phone records for the entire 2007 year: "Defendant objects to this request on the basis that it is vague, ambiguous, overly broad and without reasonable limitations in its scope. Thus, this

Russell Piccoli, Esq.
RE:  **Russell Piccoli v. Libby Rauch**
August 1, 2008
Page 3

---

request is oppressive and unreasonably burdensome. Defendant also objects to this request on the ground that it seeks the disclosure of personal and confidential information protected by the California Constitution."

Finally, with regard to every credit card statement for accounts that our client had access to during the year 2007 (**Request for Production 9**), we do not have any such documentation. Further, since you were/are the account holder for at least one of those accounts, you are likely the best source of the information that you are seeking. To the extent that you are seeking our client's personal spending beyond the construction account, those records are private and constitutionally protected. As such, our previous response still applies: "Defendant objects to this request on the basis that it is vague, ambiguous, overly broad and without reasonable limitations in its scope. Thus, this request is oppressive and unreasonably burdensome. Defendant also objects to this request on the ground that it seeks the disclosure of personal and confidential information protected by the Defendant's constitutional right of privacy. Further, this request seeks information that is irrelevant to this litigation and beyond the scope of permissible discovery."

If you are not satisfied with the foregoing supplemental responses to the discovery requests, and you wish to bring a Motion to Compel, please note that the Local Rules for the Southern District of California, requires an "in-person" meet and confer. If you plan on bringing such a motion to compel on these issues, please schedule the meet and confer with my assistant, Kathy.

Sincerely,

LAW OFFICES OF CHARLES S. LiMANDRI, APC

Sterling J. Stires

SJS/kad
Enclosures

cc:    Charles S. LiMandri

# **EXHIBIT "3"**

**RUSS PICCOLI**

| | | | |
|---|---|---|---|
| **From:** | RUSS PICCOLI | **Sent:** | Sun 8/3/2008 9:35 AM |
| **To:** | Kathy Denworth | | |
| **Cc:** | | | |
| **Subject:** | RE: Piccoli v. Rauch | | |
| **Attachments:** | | | |

Stirling,

I am in in receipt of your letter. While I will wait for your further responses beore moving to compel, your proposals are insufficient. You need to answer interogatories 5 and 6. I have not found any such expenditures. Should you contend otherwise, I need a clear answer under oath. Interogatory 7 refers to the other projects. I need an answer. You need to respond to RFP 6 in proper form. If SN has documents responsive to RFP 7-9, you must produce them. Our other disputes also remain. I am entitled to know what evidence of defamation you intend to produce at trial.

I am leaving for vacation this morning. I will be back in Arizona on August 13 and will call you at 10 am, pursuant to the local rule.If you will be unavailable at 10, have Kathy advise me what time you will be free. As my office is in Arizona, no personal meeting is required.

Russ

**From:** Kathy Denworth [mailto:kdenworth@limandri.com]
**Sent:** Fri 8/1/2008 4:48 PM
**To:** RUSS PICCOLI
**Subject:** Piccoli v. Rauch

Please find attached correspondence for your information from Sterling Stires.

Kathy Denworth
Assistant to Charles S. LiMandri & Sterling J. Stires
Law Offices of Charles S. LiMandri, APC
P.O. Box 9120
Rancho Santa Fe, CA 92067
Tel: (858) 759-9930; Fax: (858) 759-9938
www.limandrilaw.com

# EXHIBIT "4"

# EXHIBIT "4"

## RUSS PICCOLI

| | | | |
|---|---|---|---|
| **From:** | Sterling J. Stires [sstires@limandri.com] | **Sent:** | Fri 8/15/2008 9:58 AM |
| **To:** | RUSS PICCOLI | | |
| **Cc:** | Charles S. Limandri | | |
| **Subject:** | RE: | | |
| **Attachments:** | | | |

Russ:

First off, the defamation issue will be decided by your Motion to Dismiss, which is to be decided before our discovery cut-off. You have all of the documents that we have with regard to this issue - I have already told you that. We do not have any further documents that are responsive to your discovery requests - what more do you want from me? We disclosed the identity of individuals who you made the statements to and directed the writings in our Initial Disclosures and in Response to Interrogatory No. 11 - I will not answer this again. Given the pending motion, and our discovery responses, a motion to compel would be a waste of everyone's time, including the court's.

I also understand that you are dodging service of Dave Simon's complaint. However, we have also made service in accordance with California Code of Civil Procedure out of state service requirements. Our service will stand regardless if you accept it from the process server or not.

Enjoy your golf game.

Sterling

Sterling J. Stires, Esq.
Senior Associate
Law Offices of Charles S. LiMandri, APC
(858) 759-9930
sstires@limandri.com

PRIVILEGED AND CONFIDENTIAL COMMUNICATION: The information transmitted in this mail message is privileged and confidential. If the reader of this message is not the intended recipient, or the employee or agent of the intended recipient, be advised that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone at (858) 759-9930. Please do not open any attached files if you are not the intended recipient.

-----Original Message-----
From: RUSS PICCOLI [mailto:Russ.Piccoli@mwmf.com]
Sent: Friday, August 15, 2008 9:30 AM
To: Sterling J. Stires
Subject:

Stirling,

I wanted to advise you before you left for vacation that I do not think there is enough time to defer resolution of our defamation discovery disputes until September. As a final compromise, I would settle for your promise to specify any statements made to persons other than Simon or Adams and your verification that you produced all allegedly libelous letters. Otherwise, I will move next week. Although I am playing golf today, I will be happy to discuss later this afternoon if you think productive. Russ